WINONA & ST. PETER RAILROAD COMPANY *vs.* ST. PAUL & SIOUX CITY RAILROAD COMPANY.

February 12, 1877.

**Real Party in Interest in Suit by Railroad Company for Lands Claimed as Part of its Land Grant.**—Where the cause of action, as stated in the complaint, relates to property and property rights belonging to a corporation as the absolute owner, vested with the legal title, such corporation is the real party in interest to prosecute the action. It is no defence to such an action that another party has become the owner "of the sole beneficial interest in the rights, property, and immunities" of the corporation, and an averment of that character in the answer may properly be stricken out, on motion, as immaterial and irrelevant.

This action was brought in the district court for Watonwan county, to restrain the defendant from applying for or receiving from the governor of the state any deed or conveyance of certain lands described in the complaint; the complaint also praying that plaintiff be adjudged to be the owner of the lands. The lands in question are claimed by each of the parties to this suit as a part of its land grant, and the complaint sets forth the legislation and other proceedings by which plaintiff became a corporation, and on which it founds its claim to the lands.

By order of the court, the original complaint was amended in respect of a charge of fraudulent representations, made by defendant's officers, in presence of plaintiff's agents and of the secretary of the interior, pending a contest before that officer between these parties, in respect of the same lands now in suit, whereby plaintiff's agents and the secretary were deceived and misled, and the contest was decided by the latter in favor of defendant. The defendant thereupon served an amended answer, containing the matter set

forth in the opinion. The plaintiff obtained an order for defendant to show cause why such matter should not be stricken from the amended answer, and, after hearing both parties, that order was made absolute by *Dickinson, J.*, and defendant appealed.

*E. C. Palmer*, for appellant.

*Wilson & Taylor*, for respondent.

CORNELL, J. The portion of the amended answer stricken out by the order appealed from, of which defendant complains, is as follows: "That in the year 1867 the Chicago & Northwestern Railway Company, a corporation organized and acting under and by virtue of the laws of Illinois, became the owner and seized and possessed of the sole beneficial interest in the rights, property, and immunities of said plaintiff, and has ever since that time controlled and operated the same for its sole use and benefit; that said portion of said line, extending from the west side of said range 31 to the western terminus, was constructed and equipped by said Chicago & Northwestern Railway Company, through its own officers and agents, with its own means, and in the mode and manner by it deemed best; and that since said year 1867 the corporate name of said plaintiff has been used by said railway company in the premises but colorably, and with no other purpose than to subserve its own interests; that said plaintiff has no real interest in the premises, and has not had since said year 1867, or in the event of this suit, as these defendants are informed, and verily believe to be true."

Conceding as correct the position assumed by defendant, that it had the right to answer, *de novo*, the amended complaint, as fully and to the same extent as though it had been the original complaint in the action, still the order must be sustained, inasmuch as the matter stricken out was wholly immaterial and irrelevant to the cause of action, if any, stated in the amended complaint.

The cause of action, as alleged, accrued to the corpora-

tion plaintiff, as the lawful owner in whom was vested the right to locate, construct, and operate the line of road in question, together with the legal title to all such other rights and franchises pertaining thereto as were conferred upon the company to aid in the construction of its road. Among these rights was that of acquiring title to the lands granted to aid in constructing such road, upon compliance with the conditions of the act of congress making the grant, and the act of the legislature transferring it to the company. The object of the present action is the enforcement of this property right, the legal ownership of which thus belongs, as is alleged in the complaint, to the plaintiff. The real party in interest, therefore, within the meaning of the statute, (Gen. St. c. 66, § 26,) is the plaintiff, in whose corporate name alone the action can be maintained and prosecuted.

It is no defence that other parties have a beneficial interest merely in the subject-matter of the suit. The stockholders of a corporation have such an interest, but it would hardly be claimed that they were proper parties to an action brought solely to enforce a strictly legal right belonging to the corporation, or to redress a wrong committed against it ; and this, in effect, is the gist of the matter stricken out by the order in question. If the Chicago & Northwestern Railway Company has acquired all the stock of the Winona & St. Peter Railroad Company, and thus become the sole stockholder of the latter company, as perhaps it legally might, it would, as is alleged, "have become the owner of the sole beneficial interest in the rights, property, and immunities" of the Winona corporation, and the road of the latter would undoubtedly be "controlled and operated for the sole use and benefit" of the former, but these facts would not confer upon said Northwestern company any legal title to the corporate property, nor in any way affect the legal *status* or rights of the corporation plaintiff. The averment "that said plaintiff has no real interest in the

premises, and has not had since said year 1867, or in the event of this suit," was manifestly intended by the pleader as a mere conclusion of law from the preceding facts therein stated, and must be so regarded, especially in view of the admitted facts contained in the written stipulation of the parties. On the return of the order to show cause, defendant appeared, and was fully heard upon the merits of the motion. Its preliminary objection at the hearing raised a mere question of practice under the rules of that court, and the decision thereon presents no error for review by this court.

Order affirmed.