# WHEELING.

## PARK *v.* PETROLEUM Co.

Submitted June 23, 1884.—Decided Nov. 14, 1884.

1. A plea and answer copied into the record by the clerk, no order of the court having been entered in the cause permitting them, or either of them to be filed, nor any order or decree recognizing them as filed, are not a part of the record and can not be considered by this Court. (p. 110.)

2. A corporation must defend a suit brought against it in its corporate name; and a purchaser of stock will not be permitted to do so, unless the corporation has refused to defend. (p. 111.)

3. If in such case the officers or agents of the corporation refuse to defend the suit, the court may allow such defense in equity to be made by the stockholders. (p. 111.)

4. The corporation, not the stockholders, is the legal owner of the corporate property. (p. 112.)

5. Where a corparation was sued and its property attached in equity for a claim, and the corporation appeared and demurred to the bill, and a party filed his petition and asked to be made a party defendant and to be allowed to file his answer, which he was permitted to do, and in said answer he averred that he had purchased of one of the stockholders three fourths of all the stock of the corporation, and then proceeded to resist the plaintiff's money-demand against the corporation, on motion of the plain-

tiff his answer was stricken from the record; and it did not appear that the corporation had refused to defend the suit.   HELD:

The court did not err in striking out the answer.   (p. 112.)

6. Where a demurrer was overruled, and the court in its discretion gave the defendant thirty days within which to answer, it was error for the court on the same day without an answer to decree against the defendant.   (112.)

7. A debtor cannot have a decree reversed confirming a sale of real estate for an error in the decree ordering the sale, when he has taken no steps in the court below before such confirmation to resist the same. But such decree, so far as it confirms the sale, may be affirmed, and so far as it orders a distribution of the proceeds of sale, may be reversed.   (p. 112 )

The facts of the case are fully stated in the opinion of the Court.

*Leonard & Caldwell* for appellant.

*W. S. Sands* for appellee.

JOHNSON, PRESIDENT:

The plaintiff filed his affidavit under the statute on the 2d day of June, 1881, setting up a claim against the defendant and showing, that said defendant was a non-resident of the State; and on the filing of such affidavit an attachment issued, which was levied on certain lands in Wirt county. The attachment was in equity and issued by the clerk of the circuit court of said county, in which this suit was brought. At June rules, 1881, the plaintiff filed his bill in equity against the said defendant with the proper allegations and charges therein.   One E. R. Ware asked to file his petition to be made a defendant, which was by the court granted on the 26th of July, 1881.   He thereupon filed his answer, in which he avers, "that he purchased from the legal heir and representative of W. R. Finch all the title and interest of the said Finch in the property and stock of said company and took a deed therefor, which is of record in the clerk's office of the county, a copy of which is filed with the papers in the chancery suit of respondent against the stockholders of said company in this honerable court; that under said deed he took possession of said property and has since held the same;

that said W. R. Finch owned or held three fourths of said company's stock; and that by virtue of the conveyance to him he is entitled to all the rights of the said Finch as owner of said stock and property." He denies the indebtedness of the company to the plaintiff, &c.

On the 27th of October, 1881, the plaintiff moved to strike from the papers of the cause the petition and answer of said E. R. Ware, and, the court being of the opinion that said petition and answer were improperly filed, the same were stricken from the record.

On the 30th of March, 1882, the defendant, The Ulster and Kanawha Petroleum Company, filed its demurrer, which was overruled, and the order overruling the demurrer "allowed the said defendant thirty days to file its answer to said bill. Then follows an order, which, the clerk certifies, was entered on the same day, to-wit, the 30th day of March, 1882," deciding the case against the defendant, and decreeing the said defendant to pay to the plaintiff the amount of his claim, which had been audited by a commissioner, and ordering a sale of the attached property. The commissioner reported his sale to the court, from which it appears, that he sold the attached property under the order of the court to B. S. Whims, the purchaser, for $612. There was no exception to this report and on the 27th day of June, 1882, the court confirmed the report and sale and ordered the distribution of the proceeds of the sale. From this decree The Ulster and Kanawha Petroleum Company and E. R. Ware appealed. There appears copied into the record a plea of the defendant company, which was intended to be a plea of *res judicata*; also an answer of said company raising the same defense.

A *certiorari* was awarded, which brings up a record of a suit strikingly like this, in which the bill seems to have been dismissed on the hearing on the merits. It being insisted in the argument that no plea nor answer was filed by the defendant-company, this court on its own motion ordered a second *certiorari* to ascertain that fact; and the return to the writ shows, that no order was entered in the cause filing either the plea or the answer; neither does it appear that the said plea or answer was recognized as filed by any decree or order in the court. By a well settled rule neither the plea nor

answer is part of the record, and no notice can here be taken of either.

But it is insisted that Ware's answer raised a defence to the suit, and it was error to strike it out.   The petition of Ware contained nothing, except that he had a defence to the suit, and asked to be made a defendant and to be permitted to file his answer.   The whole question, as far as Ware is concerned, then is:  Does his answer raise a defence?   It is well settled, that from the very nature of a private business corporation, or indeed of any corporation, the stockholders are not the private and joint owners of its property.   The corporation is the real though artificial person substituted for the natural persons, who procured its creation and have pecuniary interests in it, in which all its property is invested, and by which it is controlled, managed and disposed of.   It must purchase, hold, grant, sell and convey the corporate property and do businesss, sue and be sued, plead and be impleaded for corporate purposes by its corporate name.   The corporation must transact its business in a certain way, and by its regularly appointed officers and agents, whose acts are those of the corporation, only as they are within the powers and purposes of the corporation.   *Button* v. *Hoffman*, 18 Wis. 606;  *Gray* v. *Portland Bank*, 3 Mass. 365.

This Court by Snyder, Judge, in *Moore* v. *Schoppart*, 22 W. Va. 291, said: " The entire management of a corporation rests in the hands of its officers and agents.   Within the scope of its charter a majority of the stockholders is supreme, and their acts are binding upon the whole.   Redress for an injury to a corporation should be obtained, if possible, by the corporation itself through its regularly appointed agents; and it is only when the corporation is disabled from proceeding on its own behalf by reason of the misconduct or failure of its officers and agents to discharge their duties, that the stockholders may themselves proceed in chancery for the protection of their equitable rights."

.If in a cause like this the corporation refused to appear and defend itself against the claim, a stockholder might under the discretion of the court be permitted to do so.   *Bronson* v. *La Crosse Railroad Company*, 2 Wall. 302;  *Dodge* v. *Woolsey*, 18 How. 331.

A conveyance of all the capital stock of a corporation to a purchaser gives to such purchaser only an equitable interest in the property to carry on business under the act of incorporation and in the corporate name, and the corporation is still the legal owner of the same. *Wilde* v. *Jenkins*, 4 Paige, 481.

In *Winona & St. Peters Railroad Co.* v. *St. Paul & Sioux City Railroad Co.*, 23 Minn. 359, which was brought to restrain the defendant from applying for or receiving from the governor of the State any deed or conveyance of certain lands described in the complaint and praying, that the plaintiff might be adjudged to be the owner of the lands, it was held, that it was "no defence to such an action, that another party has become the owner of the sole beneficial interest in the rights, property and immunities of the corporation; and an averment of that character in the answer may properly be stricken out on motion as immaterial and irrelevant."

In the case before us there was not the slightest pretense that the corporation had refused to defend the suit. On the contrary it appeared and filed its demurrer to the bill, which was overruled, and thirty days were given it, within which to answer; but without waiting for the answer the court on the same day ordered a sale of the property. The court did not err in striking out the answer of Ware, as he had no right under the circumstances to defend the suit; but after having in its discretion given the defendant-corporation thirty days within which to answer, the court clearly did err in at once proceeding without answer to decree against it; and for this error the decree ordering the sale must be reversed. But as there was no exception by the company to the report of sale, and as it was confirmed, the purchaser, B. S. Whims, is protected in his purchase under section 8 of chapter 132 of the Code, the owner of the land being before the court when the sale was ordered. *Beard* v. *Arbuckle*, 19 W. Va., 135.

It is assigned as error, that no bond was required before the attached property was sold. That question does not arise here, because clearly section 23 of chapter 106 cannot apply to this case, as the defendant had appeared in the suit.

So much of the decree of June 27, 1882, as confirms the sale of the land, is affirmed; but the residue of said decree ordering the distribution of the proceeds of the sale is re-

versed, and the decree of March 30, 1882, except that portion ordering sale of said property is reversed with costs to the appellant, The Ulster and Kanawha Petroleum Company, against the appellee, Joseph E. Park; and this cause is remanded to the circuit court of Wirt county with leave to the defendant-company to answer or plead, as it may be advised, and for further proceedings to be had.

AFFIRMED IN PART—REVERSED IN PART. REMANDED.