# CHARLESTOWN.

PARK v. N. Y. & KA. OIL Co. *et al.*

Submitted June 19, 1885.—Decided September 19, 1885.

1. A corporation must defend a suit against it in its corporate name ; and the stockholders will not be permitted to defend, unless the corporation refuse to do so. (p. 487.)

2. Where a suit is brought against a corporation, and a purchaser of the stock of the corporation files his answer in defence of the suit without showing that the corporation has refused to defend the suit, it is not error to strike out his answer. (p. 487.)

The facts of the case sufficiently appear in the opinion of the Court.

*Leonard & Caldwell* for appellant.

*W. S. Sands* for appellee.

JOHNSON, PRESIDENT :

This was an attachment suit in equity. The bill alleged services performed for the defendant by one Sayre amounting to $670.00, the account for which Sayre assigned to the plaintiff. The bill was filed in June, 1881. An order of publication was issued at the same rules when the bill was filed. At July rules the order was returned executed. The defendant never appeared in the case. In July, 1881, one E. K. Ware filed a petition alleging that he was the owner of the attached property, and asking to be made a defendant in the suit. The answer was filed, which the plaintiff took time to consider. The answer avers that defendant Ware had purchased three fourths of the stock of said defendant company and had a deed therefor; that he had taken possession of the land of the company under said purchase and had kept the property for ten years, and had not been called on to account for any part thereof. He denies the justice of the plaintiff's account, &c. No reason is given in the answer, why the corporation does not answer the bill. Nothing in the record appears to show that the corporation had declined to defend the suit. By a decree entered in the cause on October 27, 1881, on motion of the plaintiff the petition and answer of E. K. Ware were stricken from the record. An

account was taken in the cause, and a decree rendered in favor of the plaintiff for $677.10 and interest, and ordering the attached land to be sold. This decree was rendered on March 30, 1882. The sale was made, and on June 27, 1882, was confirmed. The defendant-corporation and E. K. Ware presented a petition to this Court for an appeal from said final decree. No appeal was granted the defendant-corporation, because it had not appeared in the suit in the court below, and until it had done so, no appeal could be granted to it. An appeal was granted to the defendant E. K. Ware.

The first question presented is: Did the court err in striking out the said Ware's petition and answer? In the case of *Joseph E. Park* v. *The Ulster & Kanawha Petroleum Company*, 25 W. Va. 108, a case in principle precisely like this, the Court held, that a corporation must defend a suit brought against it in its corporate name, and a purchaser of stock of the corporation will not be permitted to defend, unless the corporation has refused to do so. If in such a case the officers or agents of the corporation refuse in its name to defend the suit, the court may in equity allow such defence to be made by the stockholders.

The corporation and not the stockholders is the legal owner of the corporate property. Therefore where the corporation did not defend a suit brought against it, and one who had purchased the stock without showing any reason, why the corporation did not defend the suit, filed his answer denying the liability of the corporation, it was held he was not under these circumstances permitted to defend, and his answer was properly stricken out. This cause in this respect is similar to the former suit against another oil company, where this same defendant attempted to defend in place of the corporation; and we are compelled to hold for the reasons fully stated in that cause, that the court did not err, in striking out his petition and answer; and therefore the decree appealed from in this cause, is affirmed at the costs of said E. K. Ware without prejudice to the right of the defendant-company within the period permitted by law to appear in the court below and have a re-hearing of said cause, and if decided adversely to it, without prejudice to its right of appeal.

AFFIRMED.