SAMUEL HERTZIG CORPORATION *vs.* GEORGE GIBBS & others.

Suffolk.    May 11, 1936. — September 8, 1936.

Present: CROSBY, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Strike. Labor. Equity Jurisdiction*, Plaintiff's clean hands. *Equity Pleading and Practice*, Parties, Appeal, Waiver.

A legitimate strike having failed and the strikers' places having been filled, their further picketing of their former employer's business properly was enjoined.

The provisions of G. L. (Ter. Ed.) c. 149, § 24, as amended by St. 1933, c. 272, so far as applicable to peaceful persuasion through picketing by striking laborers, presuppose an existing lawful trade dispute.

It was no defence to a suit to enjoin further picketing by strikers after the termination and failure of the strike, that a breach by the plaintiff of his contract with the strikers was the cause of the strike.

The mere fact, that the plaintiff in a suit to enjoin unlawful picketing of a business was but a straw for the real owner, was no defence if the real owner could have maintained such a suit.

An objection to the final decree in a suit in equity, raised in this court by an *amicus curiae* but by none of the parties, need not be considered.

BILL IN EQUITY, filed in the Superior Court on September 14, 1935.

The suit was heard by *Brogna*, J., by whose order there was entered a final decree granting the plaintiff relief. The defendant officers and members of Local 11 appealed.

The case was submitted on briefs.

*J. J. Enright & W. J. Day*, for the defendants O'Brien and others.

*M. J. Moskow & L. J. Reibstein*, for the plaintiff.

*G. E. Roewer & A. F. Reel*, by leave of court, submitted a brief as *amici curiae*.

LUMMUS, J. This is an appeal by the officers and members of Local No. 11 of the International Alliance of Theatrical Stage Employees, a labor union affiliated with the American Federation of Labor, from a final decree enjoining them from interfering with the lawful business of the Park Theatre in Boston, conducted by the plaintiff, and from maintaining pickets near the theatre.

On November 16, 1933, a corporation called Park Entertainment Corporation, controlled by persons named Minsky, and engaged in the conduct at said theatre of an entertainment called Minsky's Park Burlesque, agreed in writing with said Local to employ as stage hands members of said Local and no others, at minimum wages stated. The agreement was to continue until September 1, 1934, and thereafter until September 1, 1935, unless notice of unwillingness to continue the agreement in force should be given on or before August 1, 1934. The agreement was still in force on February 20, 1935, when the Local called its members out on strike for the reason that for the preceding twenty-two weeks they had been paid less than the wages required by the contract, the total difference being $2,349.22.

The Local employed pickets to walk up and down in front of the theatre, crying out that the theatre did not employ union stage hands, operators or musicians affiliated with the American Federation of Labor. But the proprietor of the theatre at once filled the places of the strikers with members of another labor organization called the Knights of Labor, and has conducted business normally ever since, apart from the picketing. The picketing apparently was stopped during the summer of 1935, but was resumed on September 9, 1935, and was still in progress when the bill was brought on September 14, 1935, and when the decree appealed from was entered on December 6, 1935.

The judge found that the strike was called in good faith and for a legitimate object, and was conducted in an orderly manner. But he found that "it has long since failed and been terminated."

Even if the proprietor of the theatre was in the wrong, and ought to have paid larger wages to the members of the union, that does not enlarge the scope of the remedy by strike beyond the legitimate scope of that remedy in labor disputes in general. A simple remedy at law existed for the recovery of any unpaid balance of wages. Even if one action could not have been brought for all employees under G. L. (Ter. Ed.) c. 231, § 2, an assignment could have been made to one and a single action brought under

§ 5.   But any remedy by way of maintaining a strike is limited to the period of effective maintenance of the strike. In this respect a strike bears some resemblance to a blockade in international law.   *The Olinde Rodrigues*, 174 U. S. 510.   When a strike has become merely nominal, without substantial effect upon the business of the employer or genuine hope of success, continued acts of interference with business can no longer be justified as lawful incidents of an existing strike.   *M. Steinert & Sons Co.* v. *Tagen*, 207 Mass. 394, 397.   *Commonwealth* v. *Libbey*, 216 Mass. 356. *Densten Hair Co.* v. *United Leather Workers International Union of America*, 237 Mass. 199.   *Moore Drop Forging Co.* v. *McCarthy*, 243 Mass. 554, 562.   G. L. (Ter. Ed.) c. 150, § 4.   *West Allis Foundry Co.* v. *State*, 186 Wis. 24.   Frankfurter & Greene, The Labor Injunction (1930), 31.   Oakes, Organized Labor & Industrial Conflicts (1927), § 311.   The right of peaceful persuasion given by G. L. (Ter. Ed.) c. 149, § 24, as amended by St. 1933, c. 272, presupposes an existing lawful trade dispute.   *Rice, Barton & Fales Machine & Iron Foundry Co.* v. *Willard*, 242 Mass. 566, 573.   *Olympia Operating Co.* v. *Costello*, 278 Mass. 125, 130. The proprietor of the theatre would not come into court with unclean hands in seeking to restrain the present interference with its business, even though its breach of contract was the cause of the strike which no longer exists, and it failed to submit to arbitration the questions arising under the contract.   *Moore Drop Forging Co.* v. *McCarthy*, 243 Mass. 554, 564.

Since the original proprietor, Park Entertainment Corporation, would now be entitled to freedom from picketing had it continued to operate the theatre, the fact that it has chosen for some reason to permit the plaintiff corporation to operate the theatre as its subsidiary and for its ultimate benefit, does not deprive the plaintiff corporation of its standing to maintain this suit, even though the trial judge described the relationship as a "pretence and . . . sham."   *Berry* v. *Old South Engraving Co.* 283 Mass. 441, 451.   *New England Theatres, Inc.* v. *Olympia Theatres, Inc.* 287 Mass. 485, 493.   *O'Brien* v. *New England Trust Co.*

183 Mass. 186. *Winona & St. Peter Railroad* v. *St. Paul & Sioux City Railroad,* 23 Minn. 359. *Nicrosi* v. *Calera Land Co.* 115 Ala. 429, 433, 434.

The point that the bill did not claim relief on the ground upon which the decree rests, namely, that the strike had ended, need not be considered, for though raised by the *amici curiae* it was not raised by a party. *Boudrot* v. *Cole,* 285 Mass. 353, 357. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 54. *Tremont Trust Co.* v. *Noyes,* 246 Mass. 197, 205. *Martin* v. *Tapley,* 119 Mass. 116. *Eustace* v. *Dickey,* 240 Mass. 55, 87.

*Decree affirmed with costs.*