**GIVENS v. GOLDSTEIN et al.**

**No. 489.**

Municipal Court of Appeals for the District of Columbia.

May 1, 1947.

Herman Miller, of Washington, D. C., for appellant.

Benjamin Prager, of Washington, D. C., for appellees.

Jesse H. Chessin, of Washington, D. C. (Joseph C. Turco, of Washington, D. C., on the brief), amicus curiæ.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant appeals from an adverse judgment in an action for possession of real estate. The property involved is a three-story house which defendant had rented from a former owner. Defendant did not live on the premises but operated it as a rooming house accommodating some twenty persons. In September 1946 plaintiffs bought the property and on October 2nd served a thirty-day notice to quit on defendant. They followed this notice on November 6th with a landlord-tenant suit in which they claimed possession on the ground that they required the property for their immediate and personal use as a dwelling.

On November 9, 1946, defendant sent to plaintiffs by registered mail a check for November rent. Plaintiffs were notified by the Post Office Department that there was a registered letter awaiting them at the Post Office but they did nothing about it.

At the trial both parties agreed that there were only two issues in the case: (1) Whether plaintiffs had waived their notice to quit by accepting rent for November (beyond the expiration date of the notice), and (2) whether plaintiffs in seeking to recover possession were acting in good faith.

At the close of the testimony the first issue was settled by the trial judge who ruled that since it was not disputed that plaintiffs had never received the registered letter containing the November rent check they had not waived their notice to quit. The second issue was settled by the jury which found for the plaintiffs on the question of good faith.

After the case came here we granted leave to file a brief amicus curiæ on behalf of the occupants of the house.

The only contention upon which appellant relies is that it was error to refuse to submit to the jury the questions whether plaintiffs had accepted rent for November.

An acceptance comprehends the receipt of something plus an intention to retain it.[1] Here there was admittedly no actual delivery to or receipt by the landlord of the November rent check. Nor was there any evidence from which the jury might have found a constructive acceptance of the check, or an intention to retain it. Such an intention would have been clearly inconsistent with the landlord's expressed intention to end the tenancy as manifested by his notice to quit. And if the tenant was attempting to steal a march on the landlord by somehow getting him to unwittingly accept the check it is plain that such attempt failed completely. The landlord never saw the check, and there could hardly have been a retention or an intention to retain that which had never been received. It was therefore the duty of the trial judge to withdraw that question from the consideration of the jury.

The brief filed by amicus curiæ introduces new issues not raised by either appellant or appellee. We are not required to consider these additional questions because an amicus curiæ must take the case as he finds it, with the issues made by the principal parties.[2] "He is," as we have pointed out before "not a party to the action, but is merely a friend of the court whose sole function is to advise, or make suggestions to, the court. City of Winter Haven [Fla.] v. Gillespie, 5 Cir., 84 F.2d 285, certiorari denied, [Hartridge-Cannon Co. v. Gillespie,] 299 U.S. 606, 57 S.Ct. 232, 81 L.Ed. 447; The Claveresk, 2 Cir., 264 F. 276." Klein v. Liss, D.C. Mun.App., 43 A.2d 757, 758. There we also said that the amicus curiæ has no right to take over the management or control of the case, and no right to except to rulings or to take an appeal.

Moreover, we have in earlier cases ruled contrary to the contentions which the amicus curiæ makes here, as to the good faith of a landlord,[3] and as to the status of roomers renting from one who is himself only a tenant.[4]

Affirmed.

---

[1] Omaha Beverage Co. v. Temp Brew Co., 185 Iowa 1189, 171 N.W. 704; Illinois Fuel Co. v. Mobile & O. R. Co., 319 Mo. 899, 8 S.W.2d 834; Massachusetts Protective Ass'n of Worcester, Mass. v. Turner, 171 Okl. 14, 41 P.2d 689; 1 C. J.S., Acceptance, p. 410, note 39.

[2] Moffat Tunnel Improvement Dist. v. Denver & S. L. Ry. Co., 10 Cir., 45 F. 2d 715, modifying, D.C., 35 F.2d 365, certiorari denied 283 U.S. 837, 51 S.Ct. 485, 75 L.Ed. 1448; R. C. Tway Coal Co. v. Glenn, D.C., W.D.Ky., 12 F.Supp.

570; State ex rel. News Corporation v. Smith, 353 Mo. 845, 184 S.W.2d 598; Eggert v. Pacific States Savings & Loan Co., 57 Cal.App.2d 239, 136 P.2d 822; Samuel Hertzig Corp. v. Gibbs, 295 Mass. 229, 3 N.E.2d 831; Corning v. Patton, 236 Ala. 354, 182 So. 39.

[3] Carow v. Bishop, D.C.Mun.App., 50 A.2d 598; Staves v. Johnson, D.C.Mun. App., 44 A.2d 870, and cases there cited.

[4] Beall v. Everson, D.C.Mun.App., 34 A. 2d 41; Gould v. Butler, D.C.Mun.App., 31 A.2d 867.