609 A.2d 1143 (1992)
Charles E. GRAY, Appellant,
v.
CITIZENS BANK OF WASHINGTON formerly McLachlen National Bank, Appellee.
No. 90-CV-1021.
District of Columbia Court of Appeals.
Argued En Banc May 13, 1992.
Decided July 10, 1992.
*1144 Thomas R. Nedrich, Falls Church, Va., for appellant.
Ira Michael Shepard, with whom Katherine Brewer, Washington, D.C., was on the brief, for appellee.
Woodley B. Osborne, Washington, D.C., for amicus curiae Metropolitan Washington Employment Lawyers Ass'n.
Robert J. Elliot filed a brief for amicus curiae The Greater Washington Bd. of Trade.
Before ROGERS, Chief Judge, FERREN, TERRY, STEADMAN, SCHWELB, FARRELL, WAGNER, KING and SULLIVAN, Associate Judges, and REILLY, Senior Judge.

ON REHEARING EN BANC

ORDER
PER CURIAM:
The petition for rehearing en banc is denied, after oral argument, as improvidently granted. Accordingly, this court's order of April 13, 1992 granting the petition for rehearing en banc is hereby vacated. The division opinion and the concurring opinions, see Gray v. Citizens Bank of Washington, 602 A.2d 1096 (D.C.1992), are hereby reinstated.
WAGNER, Associate Judge, with whom SCHWELB and SULLIVAN, Associate Judges, join, dissenting:
I cannot agree with the decision of the court which avoids, after en banc argument, resolution of an issue which implicates the rights of citizens to speak out on issues impacting on the public interest. It was, no doubt, the exceptional importance of the issue raised by this appeal which prompted the court to order en banc consideration.[1] That issue is whether there should be a public policy exception to the at-will employment doctrine[2] which would recognize a cause of action for wrongful termination where an employer discharges an employee for "whistle blowing" activities at a federally chartered and insured bank.[3] Several jurisdictions already recognize such an exception.[4] Whether this jurisdiction *1145 should extend a measure of judicial protection to wrongfully discharged whistle blowers is a question of exceptional importance which should be resolved one way or the other by this court. Appellant's public policy argument, involving as it does alleged retaliation for reports of alleged improprieties at a federally insured banking institution, is particularly significant in this era of failed banks, massive budget deficits and costly government bail-outs, which are financed at the expense of taxpayers. In my opinion, nothing has been presented subsequent to our grant of rehearing en bane and oral argument before the full court which would diminish the importance of the issue for purposes of en bane review. Therefore, I respectfully dissent from the order of the court vacating the prior order granting rehearing en bane, denying en bane review and reinstating the panel opinion.
NOTES
[1] Since en banc hearings are not favored, they are reserved to maintain uniformity in our decisions or to address questions of exceptional importance. D.C.App.R. 40(e). An order for en banc consideration may be entered by a majority of judges in regular active service. Id.
[2] Under this principle, employment may be terminated by employer or employee at any time, for any reason or for no reason at all. Sorrel's v. Garfinckel's, Brooks Brothers, Miller & Rhoads, Inc., 565 A.2d 285, 288-89 (D.C.1989). We have recognized a narrow exception to the doctrine for a claim of wrongful discharge where the sole reason for the discharge was "the employee's refusal to violate the law as expressed in a statute or municipal regulation." Adams v. George W. Cochran & Co., Inc. 597 A.2d 28, 34 (D.C.1991).
[3] Essentially, appellant alleged retaliatory discharge based on his having brought "to the attention of his direct supervisor and other Bank officials evidence of conduct suggestive of criminal activity on the part of other Bank employees," and their knowledge that he would continue to seek to ascertain whether "illegal activities were being committed by bank employees such as [one of those reported]." Appellant claimed that the bank, motivated by its desire to prevent disclosure of illegal activities to federal regulatory officials and others concerned, discharged him on pre-textual grounds to prevent him from making further reports. In the complaint, appellant recounted conduct on the part of one employee which he believed to be indicative of criminal activities, and he alleged that the employee was charged later with embezzlement from the bank. The complaint also described appellant's report to his superiors and the Bank Security Officer that another employee, who later confessed to the theft, had been stealing coins from the bank's vault. The trial court dismissed the complaint for failure to state a claim under settled District of Columbia law on at-will employment. However, appellant argues that this court should recognize a public policy exception to that doctrine and test the viability of his complaint against that exception. As the majority of the panel recognized, only the en banc court can decide the issue appellant raises.
[4] See e.g., Belline v. K-Mart Corporation, 940 F.2d 184, 186-89 (7th Cir.1991) (action for retaliatory discharge lies where employee alleged he was fired for reporting to management irregular activities which reasonably appeared to be a crime); Knight v. American Guard & Alert, Inc., 714 P.2d 788, 792-93 (Alaska 1986) (allegation that security guard fired after reporting alcohol and drug abuse to pipeline's owners after his employer ignored his reports states cause of action); Wagner v. City of Globe, 150 Ariz. 82, 89-90, 722 P.2d 250, 257-58 (1986) (en banc) ("all employees who attempt to correct problems of public interest fall within the ambit of the public policy exception to the at-will doctrine"); Johnson v. World Color Press, Inc., 147 Ill.App.3d 746, 101 III.Dec. 251, 254, 498 N.E.2d 575, 578 (1986) (wrongful discharge action lies where employee fired for reporting to management accounting practices he claimed violated federal security laws); Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 427 A.2d 385, 389 (1980) (public policy exception precludes dismissal of complaint which alleges employee dismissed in retaliation for complaints to employer about use of substandard material and underweight components in violation of law); Palmer v. Brown, 242 Kan. 893, 752 P.2d 685, 690 (1988) (whistle blower protection recognized where medical technician alleged firing based on her report of suspected medicare fraud to unspecified authorities); Brown v. Physicians Mutual Insurance Co., 679 S.W.2d 836, 838 (Ky.App. 1984) (cause of action stated for firing after employee's report of procedural irregularities and improprieties to supervisor); McQuary v. Bel Air Convalescent Home, Inc., 69 Or.App. 107, 684 P.2d 21, 23 (1984) (discharge for fulfilling societal obligation is actionablei.e., threat to report staff abuse at convalescent home); Harless v. First National Bank of Fairmont, 162 W.Va. 116, 246 S.E.2d 270, 278 (1978) (cause of action stated where plaintiff alleged wrongful discharge based on reports to management of violations of consumer protection laws). See also Sterling Drug, Inc. v. Oxford, 294 Ark. 239, 743 S.W.2d 380 (1988); Garibaldi v. Lucky Food Stores, Inc., 726 F.2d 1367 (9th Cir.1984), cert. denied, 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985); Flesner v. Technical Communications, 410 Mass. 805, 575 N.E.2d 1107 (1991); Vigil v. Arzola, 102 N.M. 682, 699 P.2d 613 (App.1983).