**Bobby Charles THIGPEN, Appellant,**

v.

**GREENPEACE, INC., Appellee.**

No. 93–CV–1321.

District of Columbia Court of Appeals.

Argued Jan. 25, 1995.

Decided May 1, 1995.

H. Vincent McKnight, Jr., Washington, DC, for appellant.

Douglas C. Herbert, with whom Carol M. Booker, Washington, DC, was on the brief, for appellee.

Alan Banov, with whom Woodley B. Osborne, Washington, DC, was on the brief, for amicus curiae, Metropolitan Washington Employment Lawyers Ass'n.

Before STEADMAN, FARRELL and RUIZ, Associate Judges.

STEADMAN, Associate Judge:

Before us is an appeal by a discharged employee seeking to invoke the "very narrow exception" to the at-will doctrine articulated in *Adams v. George W. Cochran & Co., Inc.,* 597 A.2d 28, 34 (D.C.1991). In his complaint, Bobby Charles Thigpen, a payroll clerk for appellee Greenpeace, alleged that in April of 1992, he discovered that Greenpeace was in violation of the District's minimum wage law, D.C.Code §§ 36–220 *et seq.* (1993). He notified two of his superiors of his belief. When no action was taken, he filed a complaint with the District's Wage and Hour Office. In July 1992, he was discharged by Greenpeace assertedly due to downsizing but in fact, the complaint alleged, for refusing to violate the laws of the District of Columbia. The trial

court granted Greenpeace's motion to dismiss with prejudice made under Super.Ct.Civ.R. 12(b)(6).[1] Bound by *Adams* and subsequent cases interpreting its holding,[2] we affirm the trial court's action.

It has long been settled in the District of Columbia that an employer may discharge an at-will employee at any time and for any reason, or for no reason at all. *Adams*, 597 A.2d at 30. However, in *Adams*, for the first time, we held:

> [T]here is a very narrow exception to the at-will doctrine under which a discharged at-will employee may sue his or her former employer for wrongful discharge when the sole reason for the discharge is the employee's refusal to violate the law, as expressed in a statute or municipal regulation.

In *Adams*, the employee, a delivery truck driver, had refused to drive a truck that did not have an inspection sticker on its windshield. A municipal regulation prohibited the operation of a vehicle without a valid inspection sticker. We adopted what we termed the Texas rule, found in *Sabine Pilot Service v. Hauck*, 687 S.W.2d 733 (Tex.1985), which permits a fired at-will employee to sue only if the firing was "for the sole reason that the employee refused to perform an illegal act." 687 S.W.2d at 735. We concluded that it was "unacceptable and unlawful for his employer to compel him to choose between breaking the law and keeping his job." 597 A.2d at 34.

Thigpen here acknowledges that other than communicating with his superiors and filing the complaint with the District authorities, he continued to work as before and did not refuse to carry out any instructions from his employer. He does not suggest that he attempted without success to obtain a reassignment to other duties. He argues, nonetheless, that his complaints to his employer and to the District authorities constituted at least a constructive refusal to violate the law, "by way of omission rather than a commission,"[3] sufficient to bring him within the *Adams* holding.

We do not think that *Adams* can be stretched to encompass such an argument. Functionally, the action taken by Thigpen here is indistinguishable from that which could have been taken by any other employee in the organization, constituting classic whistle-blowing. As *Adams* demonstrates, the exception requires an outright refusal to violate a specific law, with the employer putting the employee to the choice of breaking the law or losing his job. That simply is not the situation alleged to have existed here.

As we have subsequently emphasized, the *Adams* decision, coupled with the earlier case of *Sorrells v. Garfinckel's, Brooks Bros., Miller & Rhoads, Inc.*, 565 A.2d 285 (D.C.1989), "demonstrate the extent of *and* limitations upon an exception to the at-will doctrine under current District of Columbia law." *Gray v. Citizens Bank of Washington, supra* note 2, 602 A.2d at 1097, opinion reinstated on denial of rehearing, 609 A.2d 1143 (D.C. 1992).[4] There, as here, "we are of the view

1. In his opposition to the motion, the employee filed several affidavits, which, to the extent considered by the trial court, converted the motion into one for summary judgment under Super.Ct.Civ.R. 56.

2. *M.A.P. v. Ryan*, 285 A.2d 310 (D.C.1971). As a second argument in its brief, the employee argues that "This Court Should Expand the *Adams* Public Policy Exception to the Employment At-Will Doctrine," so as to encompass "whistle-blowing." This argument may of course only be addressed to the court en banc. *Gray v. Citizens*

*Bank of Washington*, 602 A.2d 1096, 1097 (D.C. 1992).

3. Otherwise put, appellant asserts that his "refusal" consisted of "speech and conduct directed to gain compliance with the law."

4. We most recently followed this principle in *Carl v. Children's Hospital*, 657 A.2d 286 (D.C. 1995). *See also Nolting v. National Capital Group, Inc.*, 621 A.2d 1387 (D.C.1993); *Smith v. Union Labor Life Ins. Co.*, 620 A.2d 265, 270 (D.C.1993); *Elliott v. Healthcare Corp.*, 629 A.2d 6, 8 (D.C.1993).

that, absent a relevant legislative change, only the en banc court may undertake the extension appellant urges upon us." *Id.*[5]

*Affirmed.*

---

5. Amicus curiae Metropolitan Employment Lawyers Association in its brief suggests that an employee in a situation such as Thigpen might bottom a cause of action upon D.C.Code § 36.220.9 (1993), dealing with retaliatory discharge for minimum wage law complaints. This is a totally different theory from that presented by Thigpen in his complaint. It rests not upon the *Adams* concept of refusal to violate a statute or regulation, but rather upon statutorily banned retaliation for the making of complaints about law violations. This is a pure whistle-blowing theory as applied to Thigpen, however it may be viewed with respect to a complainant actually underpaid.

No such theory of recovery based upon § 36–220.9(3) can fairly be found in the complaint filed here, nor in any way suggested to the trial court or even in Thigpen's opening brief here. Under longstanding principles of appellate review, it cannot be raised for the first time on appeal, *see, e.g., District of Columbia v. Califano,* 647 A.2d 761, 765 (D.C.1994), especially not by an amicus curiae. *See Givens v. Goldstein,* 52 A.2d 725 (D.C.1947) (amicus may not "introduce[ ] new issues not raised by either appellant or appellee").