Tracie WASHINGTON, Appellant,

v.

GUEST SERVICES, INC., Appellee.

No. 96–CV–997.

District of Columbia Court of Appeals.

Submitted Nov. 4, 1997.

Decided Dec. 18, 1997.

Before SCHWELB, KING, and RUIZ, Associate Judges.

## ORDER

PER CURIAM.

Tracie Washington, an at-will employee who had been fired, appeals the trial court's grant of summary judgment against her on her claim of wrongful discharge against her former employer, appellee Guest Services. In her complaint, Washington alleged that she had been discharged from her employment "in violation of law, to wit for protesting safety, health, and fire code violations on the part of the defendant."

In granting the employer's motion for summary judgment, the trial court concluded that the employer had not put Washington "to the choice of disobeying [her obligation not to prepare or serve unfit food] as the price for keeping her job." Accordingly, the court ruled that Washington had not met the test set forth in the then-governing authorities allowing an at-will employee to recover on a theory of wrongful discharge.[1] See Adams v. George W. Cochran & Co., 597 A.2d 28, 34 (D.C.1991) (employee must show that "the sole reason for the discharge is the employee's refusal to violate the law"); Thigpen v. Greenpeace, Inc., 657 A.2d 770, 771 (D.C.1995) (employee must show an "outright refusal to violate a specific law, with the employer putting the employee to the choice of breaking the law or losing his job"). On the record before us we have no doubt that the trial court properly applied the holdings of Adams and Thigpen. Therefore, under the law in effect at the time of its decision, we hold that the trial court did not err by granting the employer's motion for summary judgment.

Concluding that the trial court correctly resolved the motion for summary judgment

---

1. As with other workers, at-will employees may not be discharged if the grounds for the firing are specifically proscribed by some statute. See, e.g., D.C.Code § 11–1913 (1995); D.C.Code § 36–342 (1997); D.C.Code § 1–2512 (1992). Washington does not contend that any statutory prohibition applies in this case.

does not end this matter however. The *en banc* court recently decided *Carl v. Children's Hospital*, 702 A.2d 159 (D.C.1997) (en banc) where we held that, applying standards specified in the opinions, additional exceptions to the at-will doctrine may lie. The ruling in *Carl* is binding upon the litigants in that case, but the *en banc* court expressed no views concerning the retroactive applicability of the new rule to other cases then pending. *See Mendes v. Johnson*, 389 A.2d 781 (D.C. 1978) (en banc) (where this court overruled prior decision and held that a tenant may bring civil action against landlord for wrongful eviction, court also held that its decision applied retroactively to parties in the litigation but not to evictions involving others that occurred before the date of decision).

Because the question whether *Carl* retroactively applies to the circumstances here must be decided, the parties are hereby directed to submit supplemental briefs addressing: (1) whether *Carl* is applicable to this appeal;[2] (2) if so, whether a remand to the trial court is necessary or appropriate; or, (3) if remand is not necessary or appropriate, whether the standards announced in *Carl* are met by the facts of this case. Appellant should submit its supplemental brief within thirty days of the date of this order; appellee should submit its response within thirty days of its receipt of appellant's supplemental brief; any reply brief by appellant should be filed within fifteen days of the receipt of appellee's supplemental brief.

**2.** Although we express no view on how that question should be resolved, we direct the parties' attention to *Mendes, supra,* and other cases on point, including but not limited to the following: *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993); *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991); *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); *Robinson v. Washington Internal Med. Assocs.*, 647 A.2d 1140 (D.C.1994); *Nimetz v. Cappadona*, 596 A.2d 603 (D.C.1991).