Louis L. JENKINS, et al., Appellants,

v.

James H. TATEM.

No. 85–5636.

United States Court of Appeals,
District of Columbia Circuit.

July 3, 1986.

Robert J. Pleshaw, Washington, D.C., was on appellee's motion to cite for contempt for failure to obey judgment.

Louis L. Jenkins, Washington, D.C., was on appellants' motion to reinstate appeal and to permit appellants to amend their brief.

Before WALD and MIKVA, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

We previously had occasion, in a memorandum opinion attached hereto as Appendix A, to admonish counsel for both sides (appellant is a lawyer appearing *pro se*) as to their excesses about a controversy that, as appealed to this court, involved the validity *vel non* of a district court order awarding $250 in attorneys' fees to appellee. While nominal amounts of money can sometimes implicate substantial legal questions, we thought we made it clear that neither the principal nor the principle in this case warranted the full-court press put on by both sides. The cost of the paper alone that has been filed in this matter may well account for more than the $250 that was originally involved. We thought we indicated in our earlier memorandum the dim view that this court took of the overzealousness of both sides. While our order assessed an *additional* $250 in attorneys' fees against appellant Jenkins for "his litigation strategy before this court," we made it clear that we were not approving of appellee's behavior: "Our order directing its bite to appellant implies no praise whatsoever for the appellee's litigation style and volume." In that earlier order and memorandum we terminated the appeal by remanding the entire case to the district court.

Apparently our signals were too subtle for counsel for both sides. Since our memorandum was issued, the parties have found occasion to make more than half a dozen filings in this court and the district court, ranging all the way from a motion for contempt filed by appellee because ap-

pellant had paid only part of the $250 in attorneys' fees assessed against him to an opposition to a motion to amend a brief. We attach as Appendix B a chronology of all of the filings made since the district court first entered its order directing appellant to pay its $250 sanctions. We think the list amply justifies our description of the case, in the earlier memorandum, as a "litigation quagmire that cannot yield any winners."

■ Unreasonable under any circumstances, the parties' paper vendetta in this court is particularly inexcusable because of the heavy volume of legitimate judicial business in this court. As of the end of May 1986, this court has had over 1400 appeals filed during this fiscal year. Over 2000 cases pending before the court require disposition. The backlog is increasing, and the length of time required to process an appeal in this court continues to get longer and longer. The statistics for the district court are equally grim. By law and tradition appeals to this court are as a matter of right, and the court has frequently tolerated and entertained marginal appeals to preserve that tradition. Always, however, the rules and practices have made it clear that lawyers are expected to understand the dividing line between a dubious appeal and an abuse of process. The courts—public, tax-supported institutions—cannot be used to vent spleen or passion amongst feuding parties and members of the bar. An appeals court is not some kind of playing field where lawyers can hurl paper airplanes at each other until they are exhausted. The patience of this court is exhausted much sooner than that.

■ The various motions of appellee filed subsequent to this court's order and memorandum of February 7, 1986 are hereby denied. The various motions of appellant filed since February 7, 1986 are hereby denied. The case has already been remanded to the district court for further proceedings; Jenkins' appeal in this court has therefore been dismissed. Counsel for the appellee, and the appellant as an attorney appearing *pro se*, are each directed to file within 10 days from the date of this order a document, not exceeding two letter-sized pages in length, as to why this matter should not be referred to the court's disciplinary committee for further proceedings. The filing in this court of any further papers in this proceeding is at the peril of the filer. We trust that this signal is very plain.

*It is so ordered.*

## APPENDIX A

### Memorandum Opinion of February 6, 1986

The prior proceedings in this case strongly resemble a MacBethian tale, "told full of sound and fury/signifying nothing." W. Shakespeare, *MacBeth*, Act V, Sc. V. We chronicle the history of this case very briefly here only to illustrate the legal nitpicking and the promptly filed efforts to obtain delay at every turn which have preceded the instant motion.

### I. FACTS

This case has its origins in a bitter dispute over attorney's fees and legal malpractice that arose from litigation in New York state. After several rounds in the District of Columbia courts, appellants Jenkins *et al.* filed a petition in D.C. Superior Court to remove the case to the district court. Appellee Tatem moved in the district court to remand and for attorney's fees. In February 1985, the district court granted the motion to remand to Superior Court, and further assessed attorney's fees and costs of $250 against appellants. In this order the district court cited no statutory basis for its award of fees and costs. Jenkins filed a motion to reconsider the award of fees, which the district court denied in April. Jenkins then appealed the award.

Jenkins' brief to this court argues that the district court had no statutory basis for imposing fees. In its order denying reconsideration, the court had indicated that the award was based on 28 U.S.C. §§ 1446(d) and 1447(c). Appellants maintain that

these provisions do not authorize attorney's fees. They also contend that the court failed to make the necessary findings of bad faith or vexatious litigation.

Instead of replying to this brief, or citing the proper statutory basis, 28 U.S.C. § 1927, appellee Tatem filed a paper styled as a "Motion for Stay of Appeal Pending Clarification of Order" in September 1985. This motion sought leave to file a motion in the district court to clarify its February order, and to extend the time for filing appellee's brief until after the court below disposed of the motion to clarify. Jenkins opposed this motion.

While the motion for stay was still pending in this court, Tatem filed a motion for clarification in the district court. The motion requested the district court to clarify the February 28 order "pursuant to 28 U.S.C. [§] 1927 for bad faith litigation." This motion is still pending before the district court. We granted appellee's motion for stay.

Appellant Jenkins then returned fire with a motion to reconsider our stay and a suggestion for rehearing *en banc*. Appellant also urged expedited hearing. Before this court acted on the motion to reconsider and associated motions, Jenkins dashed off a motion to stay our mandate remanding to the district court pending a hearing and decision on the motion to reconsider.

## II. REPREHENSIVENESS OF ATTORNEY'S CONDUCT

Any adjudicatory body possesses the inherent power to enforce the standards of professional conduct and respect for the adjudicative process that it requires of its practitioners. One of the most fundamental of these standards is that the court's process be invoked only for a proper purpose. We find that counsel's latest resort to this court, judged in light of his client's substantive claims and the procedural posture of the case, is frivolous. The "substance" of this case is a dispute over a $250.00 attorney's fee award by the district court for a frivolous motion to remove. Earlier proceedings, while perilously close to the border of frivolity, demonstrated a scintilla, although certainly not a flotilla, of professional judgment. In contrast, the latest barrage of paper launched by appellant's counsel, rising to a crescendo in the motions for stay and for an *en banc* proceeding on an expedited schedule, crossed over into the sea of frivolity.

There is simply no conceivably valid reason for suggesting an *en banc* proceeding in this case. The standards for granting an *en banc* proceeding are demandingly high: Rehearing *en banc* "is not favored and ordinarily will not be ordered except (1) when consideration by the full court is necessary to secure or maintain uniformity of its decisions, or (2) when the proceeding involves a question of exceptional importance." Fed.R.App.P. 35(a). Neither of these requirements is satisfied here even with great stretching of the legal imagination. Appellant's counsel compounds the frivolity by filing a request for an expedited *en banc* hearing, asking us to rule that the case is not only a matter of exceptional importance but also of exceptionally urgent importance. This proposition has absolutely no anchor. Advancing it does not serve the party's interests; indeed, it destroys any conceivable shred of credibility the suggestion for rehearing *en banc* may possess.

Appellant counsel's flagrant disregard for the court and for the responsibilities that accompany invocation of the right to legal process must not go unpunished. Appellant's counsel must bear the primary share of the blame for pressing his claims far beyond the limits of professional judgment and respect for the bench. Appellant Jenkins is directed to pay out of his own pocket the sum of $250.00 to appellee Tatem. *See* 28 U.S.C. § 1927 (1982) (authorizing award of costs, expenses, and attorneys' fees for multiplying proceedings in any case unreasonably and vexatiously). Counsel's behavior has clearly transgressed the standards of professional judgment and responsibility that this court expects of those who practice before it.

## III.   CONCLUSION

The motion to reconsider this court's order staying appeal pending clarification of the district court's order is denied.   The request for expedited hearing is also denied.   In light of this disposition, Jenkins' motion to stay this court's mandate remanding to the district court pending a hearing and decision on the motion to reconsider is dismissed.   Appellant Jenkins is ordered to pay $250.00 attorney's fees to appellee Tatem.   This order is independent of the merits of the original $250.00 assessment imposed by the district court against appellant.   We sanction appellant for his litigation strategy before this court.   We express no opinion on the validity of the district court's action at this time.

Because of the motions that have been filed in this court, the proceedings in the district court, which are themselves collateral to the case in D.C. Superior Court, have been unnecessarily delayed.   We remand the case to the district court to consider appellee's motion for clarification and to rule as expeditiously as that court's calendar will permit.   We have described a litigation quagmire that cannot yield any winners.   Our order directing its bite to appellant implies no praise whatsoever for the appellee's litigation style and volume.   Whatever the remaining merits of whatever the real controversy, the parties would be well advised to join issue on them as quickly and with as little procedural sparring as possible.   Neither local nor federal courts can accommodate this kind of paper vendetta.

*It is so ordered.*

### APPENDIX B

Chronology of Events in
*Jenkins v. Tatem*

02/28/85   District court grants Tatem's motion to remand case to D.C. Superior Court and orders Jenkins to pay Tatem the attorney's fees and costs incurred in preparing and presenting the motion to remand in the amount of $250.

04/04/85   District court denies Jenkins' motion to reconsider its order imposing attorney's fees and costs.

04/23/85   Jenkins files notice of appeal of district court's order.

09/11/85   Tatem moves for stay of appeal and for leave to file motion in district court to clarify the district court's order.

10/15/85   Tatem requests clarification of statutory basis for district court's order.

10/28/85   Jenkins requests denial of Tatem's motion on the ground that district court lacks jurisdiction to entertain it.

11/07/85   District court denies Tatem's motion for clarification of its order on the ground that it does not have jurisdiction to decide the motion.

11/15/85   This court grants Tatem's motion for stay of appeal pending clarification of order.   Appeal is held in abeyance for sixty days to enable the district court to consider the motion for clarification filed by Tatem on October 15, 1985.   The record is remanded to the district court.   At the end of the sixty days the record shall be returned.

11/19/85   Jenkins moves this court to reconsider its order remanding the matter to the district court and suggests rehearing *en banc.*

11/19/85   Jenkins moves this court to stay its mandate remanding to the district court pending a hearing and decision on his motion to reconsider.

11/21/85   Tatem moves the district court to clarify its order of February 28.

11/27/85   Jenkins moves to stay proceedings in district court pending resolution of motion to reconsider pending before this court.

12/13/85   Tatem files opposition to motion to stay proceedings in district court.

02/06/86   This court denies Jenkins' motion to reconsider its order remanding to the district court.   This court also

denies the suggestion for rehearing *en banc,* and orders Jenkins to pay $250 in attorney's fees to Tatem for unreasonably and vexatiously multiplying the proceedings in the case. The order remands the case to the district court to consider Tatem's motion for clarification as expeditiously as possible.

02/07/86 District court grants Tatem's motion for clarification without explanation and orders Jenkins to pay Tatem $250 in attorney's fees and costs incurred in the preparation and presentation of the motion to remand.

04/22/86 Tatem moves the district court to cite Jenkins for contempt for failure to pay the $250 in attorney's fees and costs ordered by that court on 02/07/86.

04/22/86 Tatem moves this court to cite Jenkins for contempt for failure to pay the $250 in attorney's fees ordered by this court on 02/06/86.

05/01/86 Jenkins moves to reinstate appeal and for permission to amend brief.

05/01/86 Jenkins files opposition to Tatem's motion to cite Jenkins for contempt.

05/06/86 Tatem files reply to Jenkins' opposition to Tatem's motion to cite Jenkins for contempt.

05/06/86 Tatem files opposition to Jenkins' motion to reinstate appeal and for permission to amend brief.

05/09/86 Jenkins files reply to Tatem's opposition to Jenkins' motion to reinstate appeal and for permission to amend brief.