48 F.3d 562
 310 U.S.App.D.C. 386
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Robert E. HEGGESTAD, Appellant,
v.
DISTRICT OF COLUMBIA, et al., Appellees.
 No. 93-7196.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 12, 1995.
 
 Before: WILLIAMS, HENDERSON, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment for defendant Linda Su Thoman, the judgment for the District of Columbia defendants, and the award of sanctions be affirmed. It is
 
 
 3
 FURTHER ORDERED AND ADJUDGED that the request for sanctions on appeal be denied.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 5
 Appellant Heggestad appeals from the grants of summary judgment to (1) the District of Columbia and D.C. Metropolitan Police Officer Guerra on claims pursuant to 42 U.S.C. Sec. 1983 seeking damages for false arrest and the use of excessive force, and (2) Ms. Thoman for false arrest, and from the order imposing sanctions under FED.R.CIV.P. 11. Appellee Thoman applies for sanctions under FED.R.APP.P. 38 for filing a frivolous appeal. The court reviews the grant of summary judgment de novo, see Yamaha Corp. of American v. United States, 961 F.2d 245, 253-54 (D.C.Cir.1992), cert. denied, 113 S.Ct. 1044 (1994), and the award of sanctions under Rule 11 for an abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). We affirm the grants of summary judgment and the order imposing Rule 11 sanctions, but deny the request for sanctions under Rule 38.
 
 
 6
 On Friday, November 17, 1989, around 10 p.m., Officer Guerra was called to investigate a parking accident on Jefferson Place, N.W. Ms. Thoman told Officer Guerra that her car had been damaged when Thomas Dunning parked his vehicle. Dunning had earlier provided Thoman with his address, phone number, and insurance information and, when Officer Guerra arrived, was dining in a nearby restaurant. Officer Guerra entered the restaurant and asked Dunning to step outside. Shortly thereafter, Heggestad, who had been dining with Dunning, came outside. Heggestad made repeated inquiries regarding Officer Guerra's actions. After Heggestad failed to comply with the officer's instruction to return to the restaurant, Officer Guerra called for backup and then arrested Heggestad for disorderly conduct. The district court granted summary judgment to the District defendants on the ground that Officer Guerra was entitled to qualified immunity.
 
 
 7
 Probable cause. In actions for damages under 42 U.S.C. Sec. 1983, government officers performing discretionary functions enjoy qualified immunity insofar as their conduct does not violate clearly established rights of which reasonable persons would have been aware. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Wardlaw v. Pickett, 1 F.3d 1297, 1303 (D.C.Cir.1993), cert. denied, 114 S.Ct. 2672 (1994). Qualified immunity depends on the objective legal reasonableness of the officer's actions. Harlow, 457 U.S. at 819. Where the "unlawfulness of [the officer's] action was so apparent that no reasonable officer could have believed in the lawfulness of his action," Martin v. Malhoyt, 830 F.2d at 254, the officer is not shielded from liability. But where " 'a reasonable officer could have believed [his action] to be lawful, in light of clearly established law and the information the officers possessed,' " Wardlaw, 1 F.3d at 1304 (quoting Hunter v. Bryant, 112 S.Ct. 534, 536 (1991) (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987))), the officer enjoys qualified immunity "even if [the officer] 'reasonably but mistakenly' concluded that probable cause existed." Wardlaw, 1 F.3d at 1304 (quoting Hunter ).
 
 
 8
 Viewing the evidence and all reasonable inferences in the light most favorable to Mr. Heggestad, id., Heggestad made repeated inquiries of Officer Guerra in a normal speaking voice, he did not verbally threaten Guerra, and several people, but not a very large crowd, had gathered.[1] Heggestad refused to return to the restaurant when Office Guerra told him to. Guerra observed liquor on Heggestad's table in the restaurant and concluded that Heggestad had been drinking.[2] A reasonable officer could have concluded that probable cause existed to arrest Heggestad for disorderly conduct. Under D.C.Code Sec. 22-1121, to be guilty of disorderly conduct, "[i]t is sufficient that the alleged conduct be under circumstances such that a breach of the peace might be occasioned thereby." Rodgers v. United States, 290 A.2d 395, 396 (D.C.1972). Officer Guerra was confronted with a person whom he could reasonably believe had been drinking and who made repeated inquiries while Officer Guerra was conducting a police investigation.[3] Furthermore, Heggestad refused to comply with Guerra's instruction that he return to the restaurant. Police officers are entitled to perform their duties "free from possible interference or interruption from bystanders, even those claiming a third-party interest in the transaction." Colten v. Kentucky, 407 U.S. 104, 109 (1972).
 
 
 9
 Excessive force. A defendant's motion for summary judgment on a claim alleging use of excessive force is properly denied when, viewing the record and all reasonable inferences in the light most favorable to the plaintiff, "a reasonable jury could conclude that the excessiveness of the force is so apparent that no reasonable officer could have believed in the lawfulness of his actions." Wardlaw, 1 F.3d at 1303; see also Martin, 830 F.2d at 253-54. The test to assess whether an officer's conduct was reasonable requires an evaluation of "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989) (citation omitted).
 
 
 10
 Heggestad asserted that Officer Guerra used excessive force in arresting him when the officer threw him against a parked car, handcuffed him, and despite the fact that he did not resist, needlessly threw him back against the squad car. Heggestad also testified in his deposition that Officer Guerra drove recklessly to the police station and thus caused Heggestad to be jostled in the back of the squad car. This account, however, does not support the claim that Officer Guerra used excessive force. Contrary to Heggestad's contention, Officer Guerra need not have viewed him as non-threatening and non-aggressive. Rather, the officer could reasonably conclude that Heggestad had been drinking and was resistant to cooperating, having refused to comply with a direct instruction that Guerra gave him. Even if the officer may have used more force than appears was necessary, a reasonable officer employing this amount of force under the circumstances could have believed that his actions were lawful. See Wardlaw, 1 F.3d at 1303. Cf. Dixon v. Richer, 922 F.2d 1456, 1463 (10th Cir.1991). As the Supreme Court has noted,
 
 
 11
 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, ... violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation.
 
 
 12
 Graham, 490 U.S. at 396-97 (citation omitted).
 
 
 13
 Other claims against the District. Because summary judgment was appropriate on the probable cause and excessive force claims, the district court properly dismissed the claim alleging vicarious liability on the part of the District of Columbia, and did not abuse its discretion in dismissing the pendent state claims.
 
 
 14
 False arrest claim against Ms. Thoman. Similarly, the district court properly granted summary judgment to Ms. Thoman. Under District of Columbia law, "[i]t is well settled that merely giving facts to an officer showing that an offense has been committed and that a person may be suspected of its commission does not comprise the tort of false imprisonment." See Smith v. District of Columbia, 399 A.2d 213, 218 (D.C.1979). "To accuse someone of committing a crime, however slanderous it may be, is not enough to sustain a claim of false arrest so long as the decision whether to make the arrest remains with the police officer and is without the persuasion or influence of the accuser." Id.; see Vessels v. District of Columbia, 531 A.2d 1016, 1020 (D.C.1987). While Officer Guerra states that Ms. Thoman told him that Mr. Heggestad and his companions were loud, boisterous, and intoxicated, the evidence shows that Officer Guerra made the decision to arrest Heggestad based on Guerra's own observations; Ms. Thoman did not direct, request, invite, or encourage Guerra to arrest Heggestad. Cf. Smith, 399 A.2d at 218. Hence, the claim of false arrest against Ms. Thoman was without a legal basis.
 
 
 15
 Rule 11. Because there was no evidence to support the claim that Ms. Thoman was liable for false arrest, the district court did not abuse its discretion by imposing sanctions in the form of attorneys fees on Heggestad and his attorney under Rule 11 for bringing a frivolous claim. See Cooter & Gell v. Hartmarx Corp., 496 U.S. at 405. A reasonable inquiry into the law and evidence should have alerted appellant, who is an attorney, and his counsel that the false arrest claim against Ms. Thoman was not well grounded in fact and warranted by existing law.
 
 
 16
 Rule 38. Finally, we decline to impose sanctions for filing a frivolous appeal under Rule 38. The court will "tolerate[ ] and entertain[ ] marginal appeals," see Jenkins v. Tatem, 795 F.2d 112, 113 (D.C.Cir.1986), and the appeal is not frivolous. Reliance Insurance Co. v. Sweeney Corp., 792 F.2d 1137, 1138 (D.C.Cir.1986) (citation omitted).
 
 
 
 [1]
 We need not decide whether viewing the record most favorably to Heggestad requires crediting Ms. Thoman's denial of the statements Officer Guerra attributes to her that the men were loud, boisterous and intoxicated. Heggestad contends that Ms. Thoman's version controls for the evaluation of summary judgment against the District defendants. However, he also relies on the officer's recollection of her statements for his claim against her for false arrest. The district court found that "whether mistaken or not" Officer Guerra had been told by Ms. Thoman that "he was dealing with three possibly intoxicated gentlemen" and that information "formed the basis of [Officer] Guerra's determination as to how to react." Because the evidence properly viewed supports the finding that a reasonable officer could have concluded that probable cause existed to arrest Heggestad for disorderly conduct even if Ms. Thoman never made the statements Officer Guerra attributes to her, neither Ms. Thoman's nor Officer Guerra's version need be credited in reviewing the grant of summary judgment
 
 
 [2]
 Regardless of whether Officer Guerra actually saw Heggestad drinking but simply saw alcohol on the restaurant table, the officer could reasonably have inferred from this observation, the time and place, that Heggestad had been drinking alcohol. Even if Heggestad was not intoxicated, the officer's inference is the type of reasonable but mistaken conclusion that an officer is entitled to draw and still retain his qualified immunity. See Wardlaw, 1 F.3d at 1304
 
 
 [3]
 Heggestad's contention that Officer Guerra was not processing the accident forms nor discussing the matter with Mr. Dunning and Ms. Thoman is irrelevant. Even if the officer was "not doing anything" when Heggestad exited the restaurant, the officer was under no obligation to explain the proceedings to Heggestad, particularly after Heggestad refused to comply with his instruction. See infra Colten v. Kentucky