**CLOVERLEAF STANDARDBRED OWNERS ASSOCIATION, INC., Appellant,**

v.

**NATIONAL BANK OF WASHINGTON, et al., Appellees.**

No. 85–1355.

District of Columbia Court of Appeals.
Argued June 11, 1986.
Decided July 28, 1986.

Richard E. Rice, Annapolis, Md., with whom James C. Beadles, Washington, D.C., was on brief, for appellant.

Richard T. Tomar, with whom Joseph F. Giordano, Washington, D.C., was on brief, for appellees.

Before NEBEKER, FERREN and ROGERS, Associate Judges.

NEBEKER, Associate Judge:

■ This is an appeal from the grant of summary judgment. It is an example of cases where the lawyers jump to the issues they think dispose of the case without understanding the relevant rules of procedure and the centrality of the facts to be established by admissible evidence. Despite all the arguments of counsel, defendant was not entitled to judgment as a matter of law. To fully show why would require an extensive and unwarranted exercise. In fairness to other litigants in other cases we only briefly outline the pleading deficiencies in the margin.[1]

■ Summary judgment procedure is a valuable tool. It is not disfavored. It facilitates just, speedy and inexpensive determination of every action. *Celotex Corp. v. Catrett,* — U.S. —, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Counsel, however, cannot cut corners either in seeking or opposing that relief. In words from another discipline, summary judgment motions (and oppositions) must be "done by the numbers." It is not the burden of the trial court to search the record, unaided by counsel, to determine whether summary judgment is proper.[2]

The order granting summary judgment is reversed and the case remanded.

*So ordered.*

---

1. Neither the complaint nor the relevant answer is verified. Only one affidavit, which establishes nothing relevant and admissible, was filed. Deposition testimony was also filed. The Rule 12–I(k) statement of material facts as to which there is no genuine issue references no record admissible evidence or testimony to support it. Because the opposing "statement of material facts as to which there are genuine issues" made no references to the record whatsoever, it did not fulfill the requirements of Super.Ct.Civ.R. 12–I(k). *See Celotex Corp. v. Catrett,* — U.S. —, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The memoranda of points and authorities are of no help to the parties in compensating for the deficiencies. *Kron v. Young & Simon, Inc.,* 265 A.2d 293, 295 (D.C.1970); *see also Goldman v. Summerfield,* 94 U.S.App.D.C. 209, 210, 214 F.2d 858, 859 (1954) (statements of fact in legal memoranda cannot ordinarily be given the dignity of a pleading or deposition); *Sardo v. McGrath,* 90 U.S.App.D.C. 195, 198, 196 F.2d 20, 23 (1952) (memoranda of points and authorities are not among the documents in which extra pleading matters may be presented for purposes of summary judgment). As was clear from the oral argument, counsel "understand" more about the case than the summary judgment record they made reveals to the court.

2. We have held that the trial court must review the relevant pleadings and other documents when acting on an unopposed summary judgment motion. *Milton Properties v. Newby,* 456 A.2d 349 (D.C.1983). That holding, however, does not preclude the trial court from directing counsel to file documents that comply with Super.Ct.Civ.Rules 56 & 12–I(k) and, when appropriate, expressly concede undisputed material facts.