Paul E. VESSELS, Appellant,

v.

DISTRICT OF COLUMBIA, et al., Appellees.

No. 85–1318.

District of Columbia Court of Appeals.

Argued Sept. 25, 1986.
Decided Oct. 8, 1987.

David P. Sutton, Bowie, Md., with whom Robert L. Chernikoff, Bethesda, Md., was on the brief, for appellant.

Charlotte Brookins-Pruitt, Asst. Corp. Counsel, with whom John H. Suda, Acting Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., was on the brief, for appellee District of Columbia.

John Marshall, for appellee Eleganza, Inc.

Before PRYOR, Chief Judge, and FERREN and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

Appellant Vessels sued for false arrest. The trial court granted summary judgment for appellees, the District of Columbia (the District) and Eleganza, Inc. (Eleganza). On appeal appellant urges separate grounds for reversal as to each appellee. First, he claims the trial court erred in failing, sua sponte, to discover a disputed issue of fact now urged as requiring a trial of his case against the District. Second, he argues that a correct reading of the law of false arrest bars summary judgment for Eleganza. We reject appellant's first contention and therefore affirm the judgment of the District. However, we agree that under the uncontested facts presented at summary judgment, the unexplained recantation of the accusation that led to the arrest presented a material issue under the controlling principle of law and thus precluded summary judgment. Therefore we reverse for a trial against Eleganza.

## I. The District

In support of its motion for summary judgment, the District submitted, pursuant to Super.Ct.Civ.R. 56(e), a statement of material facts to which there was no genuine issue. In sum, the statement and the references therein showed that an employee of Eleganza reported to the police that she had observed appellant enter the Eleganza store on August 12, 1981, and leave without paying for certain articles of clothing he had in his possession. The employee not only described appellant to the police but obtained the color, make and tag number of the automobile which he was driving, and which, it turned out, was registered to appellant. Appellant was arrested at his home after admitting that he had been in Georgetown that day. The next day, the employee recanted portions of her story,[1] causing the District to dismiss the charge against appellant.

The District bore the burden at summary judgment of making a prima facie showing that there was no genuine issue of fact in dispute and that it was entitled to judgment as a matter of law. If it met this burden, appellant had to rebut that prima facie showing with specific evidence. *Wyman v. Roesner*, 439 A.2d 516 (D.C.1981). In the summary judgment proceedings, ap-

---

1. In particular, she recanted her statement that she had seen appellant leaving the store with the items. She also recanted having seen the items in appellant's car, as she had allegedly told the officers the previous day.

pellant did not contest the District's statement of material facts,[2] which on their face constituted a defense for the District to appellant's claim. *Scott v. District of Columbia*, 493 A.2d 319, 321–22 (D.C.1985).

Now on appeal, Vessels for the first time seeks to contest the District's recitation of the facts so as to create a triable factual issue. He directs our attention to Eleganza's answers to the District's interrogatories which could be read as asserting that appellant had not been directly observed taking the clothing and that no statement to the contrary had been given to the police.[3] Appellant argues that if this allegation is true, there was no probable cause to arrest.[4]

▮ Appellant, however, utterly failed to make any such challenge before the trial court. Rules 12–I(k) and 56(e) required that he set forth in his combined opposition memorandum to the motions for summary judgment all material facts as to which he contended there existed a genuine issue.[5] Under Rules 12–I(k) and 56(e),[6] the failure

of a party opposing summary judgment to provide support for contentions of a factual dispute will result in the court's acceptance of a movant's statement as undisputed absent clear support for any such contention from the record. *Williams v. Gerstenfeld*, 514 A.2d 1172, 1176–77 (D.C.1986) (and cases cited). *A fortiori*, a failure to raise a specific factual dispute at all will warrant such acceptance. In this case, support in the record for the District's statement of material facts was contained in the depositions and affidavits of the police officers which were correctly referenced in the District's statement; therefore, the trial court was entitled to accept the District's statement of facts in resolving the motions. *Id.*

▮ Appellant argues that although he did not comply with Rule 12–I(k) or 56(e), the trial court was required nonetheless to independently search the record, including an examination of the pleadings, depositions, and admissions on file, and discover this hidden, potentially material disputed fact he now raises on appeal. *See Spell-*

---

**2.** At summary judgment, appellant's opposition to the District's motion focused on other facts which he asserted cast doubt on the officers' justification in making the arrest: the reasonableness of one arresting officer's actions in light of that officer's general reservations about accusations made against young black males by white storekeepers; differences between a description of the alleged thief given by the store employee and appellant's appearance; and, an accusation that the police had been notified that there was employee theft at the store. The trial court did not find these contentions presented a triable issue and appellant does not argue on appeal that the trial court erred in that regard.

**3.** Appellant also suggests in effect that the recantation itself, as testified to in a police officer's deposition, casts doubt on what the employee originally told the officers.

**4.** We assume for present purposes that if the employee in fact only told the officers that she saw appellant leave the store and then noticed some things missing, as the Eleganza answer to interrogatories suggests, a suit for false arrest would lie against the District.

**5.** Appellant's combined opposition memorandum to appellees' summary judgment motions apparently was not received by the trial court prior to its order. After this was brought to the trial court's attention in appellant's motions to alter summary judgment, the trial court amend-

ed its order to permit appellant to submit another copy. The trial court denied these motions as well.

**6.** Super.Ct.Civ.R. 12–I(k) provides in pertinent part:

Any party opposing a motion [for summary judgment] may, within 10 days after service of the motion upon him, serve and file a concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated. In determining any motion for summary judgment, the Court may assume that facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are asserted to be actually in good faith controverted in a statement filed pursuant to the motion. Any statement filed pursuant to this section of the Rule shall include therein references to parts of the record relied on to support such statements and shall be a part of the record.

Super.Ct.Civ.R. 56(e) provides in pertinent part:
[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*man v. American Security Bank,* 504 A.2d 1119, 1122 (D.C.1986); *Kurth v. Dobricky,* 487 A.2d 220, 224 (D.C.1985). Appellant's reliance on this line of cases is misplaced. *Lynch v. Meridian Hill Studio Apartments, Inc.,* 491 A.2d 515, 521 (D.C. 1985) (court may accept the moving party's version of the facts if it is not countered with specificity in a timely fashion). The trial court's independent review of the record mandated by these cases is guided by the conceptions of the case as presented by the parties.[7]

Appellant cannot rest on the general allegation in his pleading that the police made the arrest without probable cause to preserve a distinct factual question that was not asserted by appellant in the trial court. *Dilbeck v. Murphy,* 502 A.2d 466 (D.C. 1985).[8] The trial court's independent review of the record mandated by the *Kurth-Spellman* line of cases was never intended to require the court to construct a party's legal theories for him or make a tactical judgment as to which factual issues in the record to assert. "It is not the burden of the trial court to search the record, unaided by counsel, to determine whether summary judgment is proper." *Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank of Washington,* 512 A.2d 299, 300 (D.C.1986); *Nicholas Acoustics & Specialty Co. v. H & M Construction Co., Inc.,* 695 F.2d 839, 846–47 (5th Cir.1983) (expecting judges to find disputed issues of material fact without counsel's assistance is foolhardy in light of the size of most civil

records and time constraints on judges; exclaims that "judges are not ferrets!"). To hold otherwise would quite naturally discourage trial courts from granting summary judgment in seemingly appropriate cases knowing that the parties might be able to obtain reversal by asserting as material previously disregarded possible factual disputes.[9]

We decline to encourage such a practice. Summary judgment is a valuable tool; it facilitates just, speedy and inexpensive determination of every action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). While this court conducts an independent review of the record when reviewing a trial court order granting summary judgment, *Holland v. Hannan,* 456 A.2d 807, 814 (D.C. 1983), our review should be limited to consideration of whether the trial court conducted an adequate independent review of the record in the context of the legal and factual issues as framed by the parties at summary judgment. We will reverse a trial court's failure to raise, sua sponte, a factual issue urged for the first time on appeal only when we find that the trial court should have reasonably recognized, in light of all the other claims, moving papers, and record references, that the nonmovant did in some way dispute that pertinent issue.

## II. *Eleganza*

The trial court held that *Smith v. District of Columbia,* 399 A.2d 213 (D.C.1979), was dispositive of appellant's claim for

---

7. *Kurth, supra,* belongs to a distinct line of cases which govern unopposed motions for summary judgment. We do not address whether, in such cases, a trial court must examine the record more carefully for factual disputes that might be material to a general allegation in the complaint. In cases such as this one, where all parties participated in bringing what they felt were the significant factual issues to the court's attention, the court may expect counsel not to completely overlook a genuine issue. *See Lynch, supra* and discussion *infra.*

8. In its motion papers, Eleganza made reference to the possible dispute about the contents of the employee's statement to the police but asked the court to assume as true the District's version of the events for summary judgment purposes. Appellant's opposition memorandum made no

mention of this matter but instead argued the police were unjustified in making the arrest for other distinct reasons not asserted on appeal. *See* note 1 *supra.*

9. *Cf. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986):

[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.... Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary. Factual disputes that are irrelevant or unnecessary will not be counted.
[Emphasis in original.]

false arrest against Eleganza. However, the rule of law set forth in *Smith* does not control the uncontested summary judgment facts of this case. We held in *Smith* that:

> To accuse someone of committing a crime, however slanderous it may be, is not enough to sustain a claim of false arrest so long as the decision whether to make the arrest remains with the police officer and is without the persuasion or influence of the accuser.

*Id.* at 218. This rule bolsters the social policy which seeks to encourage persons to report criminal activities to the authorities without fear of civil reprisal for an honest mistake. However, *Smith* explicitly stated that it did not concern the issue of a malicious reporting of an alleged crime. We did not deal

> with the issue of whether a malicious reporting of alleged criminal activity to law enforcement authorities would, in similar circumstances, give rise to a *prima facie* claim of false arrest and imprisonment for there is not a scintilla of evidence to sustain the view that [the witnesses] acted maliciously in what they may have said to [the police].

*Id.* at 219.

 Here, Eleganza accepted the District's version of events for the purposes of summary judgment.[10] We think that under the principle of law correctly applicable here, a genuine issue of fact was raised as to the mental state of the employee [11] by the showing that the employee explicitly told the police that she had observed appellant commit a theft and saw him depart with the goods, and then the next day, without explanation, recanted a significant element of the story.

 The weight of authority holds that an informer who knowingly gives false information to a police officer necessarily interferes with the intelligent exercise of the officer's independent judgment and discretion and thereby becomes liable for a false arrest that later occurs. To consciously misstate the facts under such circumstances "must be for the purpose of inducing action by the police...." HARPER AND JAMES, LAW OF TORTS, § 4.11 at 513 (1986); *see, e.g., Du Lac v. Perma Trans Products, Inc.,* 103 Cal.App.3d 937, 163 Cal.Rptr. 335 (1980); *Jensen v. Barnett,* 178 Neb. 429, 134 N.W.2d 53 (1965); *Newton v. Spence,* 20 Md.App. 126, 316 A.2d 837 (1974).[12]

We do not believe that the social policies at stake will be served by immunizing those who knowingly and maliciously make false reports to the police.[13] A plaintiff in a false arrest or false imprisonment suit cannot avoid summary judgment merely by alleging that the complaining witness acted with such a mental state. As we stated in *Smith v. Tucker,* 304 A.2d 303, 307 (D.C. 1973), a suit for the analogous tort of mali-

---

10. At trial, Eleganza is still free to prove its interrogatory answer's version of the events—that in fact no one from Eleganza ever definitively told the police that appellant was in possession of the stolen items.

11. Over objection, Officer Jackson stated in deposition testimony that he believed the Eleganza employee might have blamed appellant to cover up her own inattention and picked appellant because he was black.

12. Appellee Eleganza's argument that our case law requires that a plaintiff prove that the defendant asserted some degree of participation and control in the actual arrest of the accused is misplaced. Our previous cases have never considered a properly pleaded assertion of a knowing and malicious false report. In addition, Eleganza's assertion at oral argument that the police acquired additional information at appellant's home (the fact that appellant admitted he had been in Georgetown that day) amounted to an independent decision to arrest is not sufficient to avoid a trial as it is still possible that the alleged false information was a determining factor in the decision to arrest. *Jensen v. Barnett, supra,* 134 N.W.2d at 55 (an informer's connection with an arrest may be inferred).

13. Before us, appellant asserts that the case law supports liability when the defendant knowingly gives false information and for this appeal we go no further. Specifically, we do not rule on the question whether the cause of action will lie when, as in appellant's complaint, the defendant's action is labeled "malicious" but not necessarily knowing, *cf. Smith v. District of Columbia, supra* (defining "malice"), nor when a defendant acts knowingly but nevertheless without malice nor from personal hostility or desire to offend, *cf.* RESTATEMENT (SECOND) OF TORTS § 44 (1965) (actor's motives immaterial in false imprisonment action).

cious prosecution, the possible lack of "honest belief" of the complainant only becomes a jury issue when this issue is raised "out of the nature of the evidence." This is not a burden easily overcome in false arrest cases given the strong public policy in favor of reporting criminal activity. However, in the instant case, under the undisputed facts submitted for summary judgment, the recantation by the Eleganza employee after her explicit and detailed accusation against appellant raised an issue significant enough to withstand the summary judgment motion. Therefore, we reverse for a trial as to appellee Eleganza.

*Judgment for District of Columbia affirmed; judgment for Eleganza, Inc., reversed and remanded.*