Elaine JONES, et al., Appellants,

v.

Kirby H. THOMPSON, et al., Appellees.

No. 05–CV–1316.

District of Columbia Court of Appeals.

Argued Feb. 7, 2007.
Decided Aug. 7, 2008.

James E. McCollum, Jr., with whom Carla M. Mathers was on the brief, for appellants.

Alexander Djordjevich for appellee Kirby H. Thompson.

Vanessa Carpenter Lourie, Washington, for appellee Industrial Bank, N.A.

Before GLICKMAN * and FISHER, Associate Judges, and SCHWELB, Senior Judge.

FISHER, Associate Judge:

The trial court granted summary judgment in favor of appellee Kirby H. Thompson, voiding a tax deed issued to appellants Elaine Jones and Nathaniel Lewis because of the District of Columbia's failure to strictly comply with the statutory notice requirements. Appellants now ask us to vacate that order and to remand the case for trial. Discerning no legal error, we affirm.

## I. The Events Leading to this Appeal

This litigation concerns the validity of a tax deed issued to appellants for the property located at 3018 13th Street, N.W., Washington, D.C. ("the Property"). Kirby H. Thompson purchased the Property in 1983, but when he failed to pay his property taxes for the 1999 tax year, the Office of Tax and Revenue ("OTR") of the District of Columbia conducted a tax sale. Appellants successfully bid on the Property on

---

* Associate Judge Glickman was selected by lot to replace Associate Judge Reid, who recused herself from this case after oral argument.

July 21, 2000, and later received a tax sale certificate confirming their winning bid.

As of September 13, 2001, several months after the six-month redemption period expired, Thompson still had not redeemed the Property. On November 19, 2002, OTR sent appellants a "Bill For A Tax Deed," specifying "[a]ll [the] assessments, fees and costs [that] must be satisfied before a tax deed [will be] issued"; appellants paid this bill in full on December 10, 2002. Shortly thereafter, OTR asked the Mayor to execute a tax deed conveying the Property to appellants, and the Mayor's agent did so on January 24, 2003. Appellants recorded this deed on June 13, 2003.

On September 11, 2003, Thompson filed a complaint asking the Superior Court to declare appellants' tax deed "invalid" and to rescind it "as null and void." He claims that the deed is invalid because the District failed to strictly comply with the statutory notice requirements. *See (Michael) Jones v. Grieg*, 829 A.2d 195, 199 (D.C. 2003) ("If the District does not strictly comply with the relevant statutes and regulations, 'the sale is invalid and must be set aside.'") (internal citations omitted). Specifically, Thompson alleges that: (1) under D.C.Code § 47–1303.04(f)(1) (2001), "[t]he District of Columbia must notify the owner of the upcoming expiration of the redemption period by certified or registered mail at least [thirty] days prior to said expiration"; (2) "[he] never received the Notice"; (3) the District "failed to send the Notice to [him] by certified or registered mail"; and (4) OTR documentation "does not demonstrate that the [District] complied with D.C.Code § 47–1303.04(f)(1) regarding notice of the expiring redemp-

tion period." Because appellants obtained title from the District, the validity of their title depends on whether the District complied with its obligations in conducting the tax sale.

Approximately one year later, on September 15, 2004, the Industrial Bank of Washington filed a motion intervene, seeking to protect its security interest in the Property.[1] The trial court initially denied this motion, but later reversed its ruling and allowed the Bank to participate. On July 8, 2005, appellants filed a Motion for Partial Summary Judgment against the Bank. Shortly thereafter, Thompson renewed his Motion for Summary Judgment, pointing to the District's failure to present any documentary evidence that the Notice was actually sent by certified or registered mail or, if there was such a mailing, when it occurred. Appellants opposed Thompson's renewed motion, arguing that the record contained sufficient evidence of the District's strict compliance to preclude summary judgment in Thompson's favor.

On October 20, 2005, the trial court held a hearing on these pending motions and made an oral ruling that the tax deed is invalid because "the District did not conduct a proper notification [of Thompson]." The court specifically relied on the District's "own testimony ... that they didn't have the documents which would show evidence ... of notification[.]" The court also held appellants' tax deed void because the Bank was entitled to, but did not receive, notice under the relevant statutes. The court then issued a written order granting Thompson's Renewed Motion for Summary Judgment, denying appellants' Motion for Partial Summary Judgment,

1. The Bank is the beneficiary of a deed of trust, secured by the Property, executed by Thompson, and dated August 5, 1983. It sought to intervene because it feared losing its "security interest ... by virtue of title passing by tax deed from [Thompson] to the District of Columbia to [appellants, and] thereby preventing [the Bank] from foreclosing on the Property in the event of [Thompson's] default."

and declaring the tax deed void. Appellants subsequently filed a notice of appeal.[2]

## II. Standard of Review

"Summary judgment is appropriate only when there are no material facts in issue and when it is clear that the moving party is entitled to judgment as a matter of law." *CB Richard Ellis Real Estate Servs., Inc. v. Spitz,* 950 A.2d 704, 710 (D.C.2008) (internal quotation marks and citations omitted). "Although we must view the record in the light most favorable to the non-moving party, ... mere conclusory allegations are insufficient to avoid entry of summary judgment." *Id.,* at 710–11. In fact, the "mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *(Carmelita) Jones v. Nat'l R.R. Passenger Corp.,* 942 A.2d 1103, 1106 (D.C.2008) (internal quotation marks and citations omitted). "Whether summary judgment was properly granted is a question of law, and our review is therefore *de novo.*" *CB Richard Ellis Real Estate Servs.,* at 710 (internal citations omitted).

## III. Analysis

The trial court properly granted summary judgment because, under our case law requiring "strict compliance" with statutory notice requirements, appellants could not establish that the District had complied with the statutory requirements for giving notice to the property owner. *See Brown v. George Washington University,* 802 A.2d 382, 385 (D.C.2002) (" '[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.' ") (internal citations omitted); *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[the question is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party [with the burden]") (internal quotation marks and citations omitted). While the parties may have a *genuine factual dispute* over whether Thompson had actual notice, that dispute is *not material* to the question of strict compliance, and it therefore cannot create the "genuine issue of *material* fact" necessary to preclude summary judgment. *Associated Estates, LLC v. Caldwell,* 779 A.2d 939, 943, 945 (D.C.2001) (emphasis added) ("[the] genuine factual dispute over whether [the property owner] received actual notice of the expiring redemption period ... was not material to the summary judgment motion").

### A. The Validity of the Tax Deed was Properly Challenged

■ "A tax deed is 'prima facie evidence of a good and perfect title in fee simple' to any property bought at a tax sale." *(Michael) Jones v. Grieg,* 829 A.2d 195, 199 (D.C.2003) (quoting D.C.Code § 47–1303.03(b) (2001)). "In challenging the validity of a tax sale, 'the plaintiff bears the burden of producing evidence that the deed was improperly issued ... [and then] the burden of production shifts to the defendant, who must then demonstrate that the tax sale was valid.' " *Id.* (quoting *Keatts v. Robinson,* 544 A.2d 716, 719 (D.C.1988)).

■ "It is firmly established in this jurisdiction that the District of Columbia 'may effect a valid conveyance of property for nonpayment of real estate taxes only by "strict compliance" with the tax sale statute and regulations.' " *Associated Es-*

---

**2.** The District of Columbia was a defendant in the underlying litigation, but it did not challenge the trial court's rulings and it has not participated in this appeal.

*tates,* 779 A.2d at 943 (internal citations omitted). "Accordingly, '[i]f the District fails to comply in every respect with the statute and regulations, the sale is invalid and must be set aside.'" *Id.* We have "applied that strict rule to invalidate a tax sale where the District failed to provide notice of an expiring redemption period in strict accordance with applicable regulations." *Id.* at 943–44.

■ Before a tax deed transferring ownership may be issued, "the District [is] required to notify the record owner of the property of the statutory right to redeem the property by paying the purchase price for the tax lien (with interest)." *Id.* at 942 (citing D.C.Code §§ 47–1303.04(f)(1), –1304, –1306 (2001)). "This notice [is] required to be furnished 'by registered or certified mail . . . at least 30 days in advance of expiration of the redemption period.'" *Id.* (quoting D.C.Code § 47–1303.04(f)(1), and citing 9 DCMR § 317.3 (1998)).

■ Here, by sworn deposition testimony, Thompson asserted that he "never received" notice of the expiring redemption period and that he did not recall "ever receiv[ing] certified mail" from OTR. His assertion was corroborated by the fact that the District could not produce a "green card" receipt or other documentation that the mailing had occurred. This was sufficient to challenge the tax deed and to shift the burden of demonstrating validity to the appellants. *See (Michael) Jones,* 829 A.2d at 199 (affidavit that notice had not been given was corroborated by envelope returned as "unclaimed"); *Frassetto v. Barry,* 497 A.2d 109, 114–15 (D.C.1985) (presumption that tax deed was valid was adequately rebutted). At this point, however, allocation of the burden is of little importance because the facts have been fully developed through discovery. Therefore, the only question is whether the record reveals a genuine issue of material fact precluding summary judgment.

## B. There Was No Genuine Issue of Material Fact

We have repeatedly stated that where "the District does not strictly comply with the relevant statutes and regulations, 'the sale is invalid and must be set aside.'" *(Michael) Jones,* 829 A.2d at 199; *see Associated Estates,* 779 A.2d at 943; *Gore v. Newsome,* 614 A.2d 40, 42 (D.C.1992); *Malone v. Robinson,* 614 A.2d 33, 36 (D.C. 1992); *Boddie v. Robinson,* 430 A.2d 519, 522 (D.C.1981). We have further held "that actual notice of the imminent expiration of the statutory redemption period does not cure, or render harmless, the District's material failure to give notice in the manner required by law." *Associated Estates,* 779 A.2d at 941. This is so because "[o]ne of the principal advantages of the strict compliance rule—the certainty and clarity that it engenders—would be lost if a party could overcome the rule in any given case with an evidentiary showing that the record owner had actual notice." *Id.* at 945.

■ Many of appellants' arguments are designed to persuade us that Mr. Thompson received actual notice (and thus due process), but the District's statutes and regulations mandate more stringent procedures than due process would require. *See, e.g., Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (discussing requirements of due process in relation to tax sales); *District of Columbia v. Mayhew,* 601 A.2d 37 (D.C.1991) (same). Thus, although there may be a genuine dispute about whether Thompson had actual notice of the tax sale or of the looming expiration of the redemption period, that bears no relevance to the central question of whether the District strictly complied with the

statute, and it is not a material issue precluding summary judgment.

 Thompson testified in deposition that he "never received" the Notice that the redemption period was about to expire. The District could not produce either a USPS Form 3800–Certified Mail Receipt, demonstrating that the sender paid for and utilized certified mail, or a USPS Form 3811–Domestic Return Receipt (also known as a "green card"), demonstrating that the addressee actually received that particular mailing. Although the inability to produce a "green card" is not necessarily fatal, the District could not provide a USPS Form 3800, or any documentary evidence whatsoever, showing that it actually sent the Notice by certified or registered mail, or that it did so in a timely manner. To be sure, the District did produce a copy of the Notice, but that only proves that it was printed, not that it was mailed. Moreover, the Notice does not bear a date, so it is not even clear that it was printed more than thirty days before the redemption period expired.

We acknowledge the deposition testimony of the various District employees about the *general* process of mailing these statutorily required notices, how that process was designed to work, and how they *believe* that process *should* have been handled with regard to Thompson's Notice. As their depositions revealed, however, not one of those witnesses had any first-hand knowledge related to mailing of the Notice. More importantly, they offered no proof that the office customs were actually complied with in this instance. See *Cullinane v. Potomac Electric Power Co.*, 147 A.2d 768, 772 (D.C.1959).

In fact, the process of stuffing envelopes and mailing the notices may have been delegated to a private contractor. When asked to produce documents regarding the "contracted mailing of notices," the District responded that it was "unable to iden-

tify the 'company' that may have had a contract to mail out notices, any 'batch listing' that may have existed, the 'offsite location' of any private contractor who may have handled the mailings, or any other information related to this topic."

Appellants ask us to infer that a certified mailing to Thompson occurred because they were able to produce a green card related to another property that they purchased at the same tax sale. However, several thousand properties were sold at that July 2000 tax sale, and any such inference is simply too weak to establish "strict compliance." Moreover, timely notice is an element of strict compliance, and the green card that they produced contains nothing to reflect the date when *that* letter was mailed.

Contrary to appellants' argument, the trial court did not impermissibly resolve factual issues prior to granting summary judgment. Although it referred to the testimony of the District's witnesses, the court was not making an assessment of credibility. It was indicating, rather, that even if it assumed the District's testimony to be true, that testimony was not "significantly probative" of whether the District strictly complied with its obligations. See *Brown*, 802 A.2d at 385 (" 'If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.' ") (quoting *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505). Thus, that testimony was not the type of "evidence on which the jury could reasonably find for the [appellants]." *(Carmelita) Jones*, 942 A.2d at 1106. In sum, the District cannot prove that the tax sale was conducted in " 'strict compliance' with the tax sale statute and regulations[,] … [and thus] the sale is invalid and must be set aside." *Associated Estates*, 779 A.2d at 943.

For the foregoing reasons, we affirm the trial court's order granting summary judg-

ment in favor of Thompson and voiding the tax deed issued to appellants.[3]

*So ordered.*

---

**3.** The Bank has made independent arguments focusing on whether its security interest, recorded in 1983, had expired under the terms of a subsequently-enacted statute. *See* D.C.Code § 42–818.02 (2001). Although the trial court made an alternative ruling on those issues, we need not address them in this opinion because we have upheld the trial court's judgment declaring the tax deed invalid. If the Bank still has a valid security interest in the Property, it will have time to record its interest afresh before any new tax sale is conducted.