**Yun K. HAN, Appellant**

v.

**SOUTHEAST ACADEMY OF SCHO-LASTIC EXCELLENCE PUBLIC CHARTER SCHOOL, Friendship Public Charter School, Wells Fargo Bank, N.A., and Adams National Bank, Appellees.**

**No. 10–CV–1364.**

District of Columbia Court of Appeals.

Argued Oct. 25, 2011.

Decided Dec. 1, 2011.

Jason A. Pardo, with whom Russell S. Drazin, Washington, DC, was on the brief, for appellant.

Michael S. Steadman, Jr., argued for appellees. Michael N. Russo, Jr., and Michael S. Steadman, Jr., were on the brief for appellees Southeast Academy of Excellence Public Charter School, Wells Fargo Bank, N.A., and The Adams National Bank. William C. Casano and Richard W. Luchs, were on the brief, for appellee Friendship Public Charter School, Inc.

Before FISHER and THOMPSON, Associate Judges, and NEBEKER, Senior Judge.

NEBEKER, Senior Judge:

On April 7, 2008, appellant filed a complaint to quiet title and to seek a judicial declaration that she was entitled to a prescriptive easement over the land of appellee Southeast Academy of Scholastic Excellence ("SASE"). Following discovery, the trial court granted appellees' motions for summary judgment, denied appellant's motion for summary judgment, and subsequently denied appellant's motion for reconsideration. For the reasons set out below, we affirm.

## I. Facts

Appellant owns a car wash in Southeast Washington D.C. She purchased the car wash in 2000 from her predecessor, who had operated the car wash since at least 1989. On Lot 815, north of the car wash, appellee Friendship Public Charter School, Inc. ("Friendship"), operates a public charter school. Appellee SASE began leasing Lot 815 as well as Lot 822 in 1999. SASE purchased both lots in 2001 and later leased the property to Friendship. When appellant purchased the car wash in 2000, she was aware of the school's presence as her neighbor.

The disputed land involves a section of Lot 822, which is an undeveloped lot between the car wash and the school. Both parties acknowledge using Lot 822. It is undisputed that between 1989 and 2004 appellant's car wash customers, as well as her predecessor's customers, drove across the disputed area to reach the entrance of the car wash. There was never any formal written agreement permitting this use, nor did appellant explicitly indicate to her customers that they should use the disputed area. Appellees, as well as appellees' predecessor Safeway, had knowledge that car wash customers were using the disputed area. Appellees state that, between 1999 and 2004, they used the lot to provide their teachers with parking spaces, to build a modular classroom for students, and to host school events. Appellees state that in 2001, when they built the modular classrooms on Lot 822, they facilitated a shift in the course car wash patrons took over the disputed area by painting lines for the queue.

For a number of years, the parties maintained a cordial relationship. In 2007, appellees informed appellant that they planned to build a permanent structure on Lot 822, and appellant expressed concern that this decision would negatively impact her car wash business. Appellant subsequently filed the complaint to seek a judicial declaration that she was entitled to a prescriptive easement over the disputed area on Lot 822 based on the continuous use of the area by car wash customers during the fifteen-year period from 1989 to 2004. Following discovery, the parties filed cross motions for summary judgment. In their motions for summary judgment, appellees argued that, as a matter of law, appellant could not establish a prescriptive easement over the land because it had been dedicated to public use between 1999 and 2004. In her opposition to appellees' motions for summary judgment and in her second memorandum in support of her own motion for summary judgment, appellant responded to appellees' public use defense. In response, she also alleged for the first time a period of adverse use from 1981 to 1997 that pre-dated this public use. Appellant did not amend her complaint to include this new use period. The trial court granted the appellees' motions for summary judgment and denied the appellant's motion for summary judgment. The court accepted appellees' public use defense and refused to consider appellant's newly claimed period of adverse use without a proper amendment of the complaint.

Appellant then filed a timely motion for reconsideration, arguing that appellees should have pleaded the public use as an affirmative defense and that the trial court should not have considered the public use defense when it had not been properly pleaded. Appellant also requested permission to amend her complaint. The trial court denied the motion for reconsideration and the request to amend the com-

plaint. The trial court found that appellees should not be barred from raising the public use defense because it had been raised and fully briefed by all parties. The trial court also held that appellant could not claim a different period of adverse use without properly amending her complaint and that, even considering the newly alleged period of adverse use, appellant had failed to establish a prescriptive easement as a matter of law. Appellant filed a timely notice of appeal.

## II. Analysis

 "Summary judgment is appropriate only when there are no material facts in issue and when it is clear that the moving party is entitled to judgment as a matter of law." *Jones v. Thompson,* 953 A.2d 1121, 1124 (D.C.2008) (internal quotation marks omitted). Summary judgment is a question of law, which this court reviews *de novo. Id.* In doing so, we view the record in the light most favorable to the non-moving party, but mere conclusory allegations are insufficient to avoid entry of summary judgment. *Id.* Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Id.* A prescriptive easement is created through one's "open, notorious, exclusive, continuous and adverse ... [use] for the statutory period of fifteen years." *Chaconas v. Meyers,* 465 A.2d 379, 381 (D.C. 1983) (internal citations and quotation marks omitted).

 We address first appellant's claim that the trial judge erred when she refused to consider the second statutory period that appellant alleged for the first time in her opposition to motions for summary judgment by appellees. Appellant argues that it was error for the trial judge to allow appellees to assert a belated affirmative defense without allowing appellant an opportunity to amend her complaint.

First, we note, as did the trial judge, that appellant did not seek formal permission to amend her complaint before the final order denying appellant's motion for summary judgment. *See* Super. Ct. Civ. R. 15(a). Assuming arguendo that appellant had sought formal leave to amend her complaint, this court would review the trial court's decision to permit or deny the amendment for abuse of discretion. *Flax v. Schertler*, 935 A.2d 1091, 1105 (D.C. 2007). "Although leave to file an amended complaint shall be freely given when justice so requires, our case law recognizes that undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, and undue prejudice to the opposing party, are all valid grounds for refusing to allow amendment." *Id.* (citation and internal quotation marks omitted). Under this analysis, there would have been no abuse of discretion for the trial judge to deny an amendment to the complaint that would have alleged an entirely new use period and would have required additional discovery. Appellees had notified the court that the proceedings were preventing appellees from constructing needed school classrooms. In light of the fact that appellant did not seek leave to amend her complaint until after the trial judge ruled on the motions for summary judgment, we hold the trial judge did not err when she refused to consider the second use period alleged and upon review, we consider only the period between 1989 and 2004 that appellant initially alleged in her complaint.[1]

■ We consider next whether appellees were entitled to a ruling as a matter of law based on the public use defense they raised in their motions for summary judgment. Appellant argues that appellees should have pleaded public use as an affirmative defense and that the trial judge should not have considered the public use defense when it had not been properly pleaded. We do not decide here whether appellees should have pleaded public use as an affirmative defense because we are satisfied that appellant had sufficient opportunity to respond to the defense. The failure to raise affirmative defenses generally constitutes a waiver of those defenses; however, "[w]here [an affirmative defense] is raised in the trial court in a manner that does not result in unfair surprise, . . . technical failure to comply precisely with rule 8(c) is not fatal." *Flippo Const. Co., Inc. v. Mike Parks Diving Corp.*, 531 A.2d 263, 267 (D.C.1987) (alterations in original, internal quotation marks omitted). Although appellant claims unfair surprise, she responded to appellees' argument about public use twice, once in her opposition to appellees' motions for summary judgment and once in her second memorandum in support of her own motion for summary judgment. The appellant cannot now claim unfair surprise. *See Word v. Ham*, 495 A.2d 748, 751 (D.C.1985) (holding that appellants' failure to plead waiver in their answer or counterclaim did not preclude them from raising the defense because appellees had not been prejudiced by appellants' earlier failure to comply with the rule where appellants' motion for

---

1. Appellant also argues that the trial judge erred when she failed to consider the second statutory period before denying appellant's motion for reconsideration. The trial judge did take the new statutory period into account and explained the reasons appellant had failed to establish a prescriptive easement for the statutory period between 1981 and 1997. We hold that the trial judge did not abuse her discretion with respect to this decision. *Cf. Dist. No. 1–Pac. Coast Dist. v. Travelers Cas. & Sur. Co.*, 782 A.2d 269, 277–78 (D.C.2001) (holding the trial judge did not abuse his discretion in denying post-trial motion where appellant raised an issue for the first time in a motion to reconsider).

summary judgment put appellees on notice of the defense and allowed them an opportunity to respond). Accordingly, the trial judge did not err when she considered the appellees' public use defense and we consider the public use argument in our *de novo* review of their motions for summary judgment.

In her "Statement of Genuine Issues of Material Facts in Opposition to Summary Judgment," which appellant filed pursuant to Super. Ct. Civ. R. 12–I(k), appellant did not directly dispute appellees' statements of the material facts as to which there was no genuine issue. Rather, appellant listed an entirely different set of facts that addressed the use period between 1981 and 1989. "For purposes of our review, statements of material fact as to which there is no genuine issue *and any opposition thereto* are a necessary part of the record on appeal." *Jane W. v. President & Dir. of Georgetown Coll.*, 863 A.2d 821, 826 (D.C.2004) (emphasis added); *see also* Super. Ct. Civ. R. 12–I(k). To the extent that appellant's "Statement of Genuine Issues of Material Facts in Opposition to Summary Judgment" can be compared to appellees' statements of material facts not in dispute, appellant did not dispute that appellees have operated a public charter school on their property since 1999. It is also undisputed that appellees used Lot 822 for school purposes during the statutory period, including erecting modular classrooms and providing parking for teachers, parents, and visitors of the school. This court has previously held that a private individual may not obtain prescriptive rights to land which is dedicated to public use, and that the operation of a public charter school like the one at issue in this case

constitutes such a dedication to a public use. *Solid Rock Church, Disciples of Christ v. Friendship Pub. Charter Sch., Inc.*, 925 A.2d 554, 562–63 (D.C.2007). Therefore, as a matter of law, appellant cannot prevail at trial because she cannot establish a prescriptive easement between 1999 and 2004. Accordingly, we affirm the trial judge's order granting appellees' motions for summary judgment.[2]

Finally, appellant asks that, in the alternative, we reverse and remand for further proceedings to allow appellant to file an amended complaint so that the trial court may decide on the merits whether appellant established a prescriptive easement based on the use period between 1981 and 1997. Appellant made a similar argument in her motion for reconsideration, which the trial judge denied and we have affirmed *supra*.

Therefore, the grant of summary judgment is hereby

*Affirmed.*

---

2. The purported appeal from the denial of appellant's motion for summary judgment is moot because, given the public use holding sustaining summary judgment for appellees, any review would be bootless.