*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 12-CV-1848

MICHAEL DOE, *et al*., APPELLANTS,

V.

SAFEWAY, INC., APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAB-8936-11)

(Hon. Michael L. Rankin, Trial Judge)

(Submitted November 26, 2013                    Decided January 28, 2014)[1]

*Michael C. Martin*, *II*, was on the brief for appellants.

*John J. Hathway*, and *Jerome C. Schaefer* were on the brief for appellee.

Before EASTERLY, *Associate Judge*, and PRYOR and BELSON, *Senior Judges*.

BELSON, *Senior Judge*: While placing items in a shopping cart before Thanksgiving on November 10, 2011, appellants Michael Doe and Terry Garner, Jr. were detained by police officers in the break room of a Safeway grocery store. Appellants filed suit against appellee, Safeway, Inc., for false imprisonment. The

---

[1] The decision in this case was originally issued January 28, 2014, as an unpublished Memorandum Opinion and Judgment.

trial court granted summary judgment in favor of appellee and dismissed appellants' case with prejudice. For the reasons set forth below, we affirm.

**I.**

"Summary judgment is a question of law, which this court reviews *de novo*." *Han v. Se. Acad. of Scholastic Excellence Pub. Charter Sch.*, 32 A.3d 413, 416 (D.C. 2011) (citing *Jones v. Thompson*, 953 A.2d 1121, 1124 (D.C. 2008)). It is appropriate only when there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. Super. Ct. Civ. R. 56 (c). The record is reviewed in the light most favorable to the non-moving party, but "mere conclusory allegations are insufficient to avoid . . . summary judgment." *Jones, supra*, 953 A.2d at 1124. "If a moving defendant has made an initial showing that the record presents no genuine issue of material fact, then the burden shifts to the plaintiff to show that such an issue exists." *Bradshaw v. District of Columbia*, 43 A.3d 318, 323 (D.C. 2012) (quoting *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 198 (D.C. 1991) (internal quotation marks omitted). Rule 12-I (k) provides that the moving party submit a statement of material facts "as to which [it] contends there is no genuine issue," followed by a similar statement from the non-moving party that "contend[s] there exists a genuine issue necessary to be litigated." Super. Ct. Civ. R. 12-I (k).

A successful claim of false imprisonment requires a plaintiff to establish (1) the detention or restraint of one against his will and (2) the unlawfulness of the detention or restraint. *See Enders v. District of Columbia*, 4 A.3d 457, 461 (D.C. 2010).[2] When an individual or private entity that called the police regarding a person is sued for false imprisonment, the making of the call is "not enough to sustain a claim of false arrest so long as the decision whether to make the arrest remains with the police officer and is without the persuasion or influence of the accuser." *Smith v. District of Columbia*, 399 A.2d 213, 218 (D.C. 1979). Thus, liability exists when "by acts or words, one directs, requests, invites or encourages the unlawful detention of another." *Id.* Private entities and individuals will not be immune from liability, however, if they "knowingly and maliciously make false reports to the police." *Vessels v. District of Columbia*, 531 A.2d 1016, 1020 (D.C. 1987).

## II.

Appellants concede that no employee of appellee detained them or arrested them. Appellants argue that the trial court erred because there are material facts other than those appellee set forth in its 12-I (k) statement, citing *Spellman v.*

---

[2] We have held that "[t]he gist of any complaint for . . . false imprisonment is an unlawful detention." *DeWitt v. District of Columbia*, 43 A.3d 291, 295 (D.C. 2012) (second alteration in original) (quoting *Clarke v. District of Columbia*, 311 A.2d 508, 511 (D.C. 1973)).

*American Security Bank, N.A.*, 504 A.2d 1119, 1122 (D.C. 1986) for the proposition that "the court must still review all other material of record in determining whether there are disputed facts" and describing summary judgment as an "extreme remedy."

Although *Spellman* indicated that the court must review the remainder of the record to determine if there are any disputed facts, *id.*, it was decided before the Supreme Court's decision in *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (holding that summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").[3]

---

[3] After *Celotex*, this court clarified the duties of the trial court with respect to searching for disputes of material fact. *See Vessels, supra*, 531 A.2d at 1019 n.7 (responding to appellant's citation to *Spellman* and other cases and stating that, "[i]n cases such as this one, where all parties participated in bringing what they felt were the significant factual issues to the court's attention, the court may expect counsel not to completely overlook a genuine issue"); *id.* at 1019 ("The trial court's independent review of the record mandated by the *Kurth-Spellman* line of cases was never intended to require the court to construct a party's legal theories for him or make a tactical judgment as to which factual issues in the record to assert."); *Woodruff v. McConkey*, 524 A.2d 722, 728 (D.C. 1987) ("While a trial judge considering a motion for summary judgment is under an obligation to determine whether there are any material issues of fact, material factual disputes must be pleaded in accordance with Super. Ct. Civ. R. 12-I (k) and R. 56 (e)." (citing *Spellman, supra*, 504 A.2d at 1122; *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977))); *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash.*, 512 A.2d 299, 300 (D.C. 1986) ("[S]ummary judgment motions (and oppositions) must be 'done by the numbers.' It is not the burden of the trial court to search the record, unaided by counsel, to determine whether summary judgment is proper.").

Summary judgment may have once been considered an extreme remedy, but that is no longer the case. *Hollins v. Fed. Nat. Morg. Ass'n*, 760 A.2d 563, 570 (D.C. 2000) ("[S]ummary judgment is no longer regarded as an 'extreme remedy. . . .'"). Indeed, this court has recognized that summary judgment is vital. *See Mixon v. Wash. Metro. Area Transit Auth.*, 959 A.2d 55, 58 (D.C. 2008); *Green v. Gibson*, 613 A.2d 361, 364 (D.C. 1992); *Vessels, supra*, 531 A.2d at 1019; *Cloverleaf Standardbred Owners Ass'n, Inc., supra* note 2, 512 A.2d at 300.

Appellants, citing *Smith* and *Vessels*, ask this court to find the grant of summary judgment improper because the trial court ignored the possibility that appellee's employees could be found liable for false imprisonment on a theory of recklessness. Appellants' argument is based on a footnote in *Vessels*, which stated:

> Before us, appellant asserts that the case law supports liability when the defendant knowingly gives false information and for this appeal we go no further. Specifically, we do not rule on the question whether the cause of action will lie when, as in appellant's complaint, the defendant's action is labeled "malicious" but not necessarily knowing, nor when a defendant acts knowingly but nevertheless without malice nor from personal hostility or desire to offend.

*Vessels, supra*, 531 A.2d at 1020 n.13 (citations omitted). Contrary to appellants' claims that *Smith* established a "clear test" and that *Vessels* clarified that an individual can be liable for false imprisonment if they act with conscious

indifference *or* act recklessly, *Vessels* did not say that. All that the *Vessels* court said was it was *not* "rul[ing] on whether the cause of action will lie when . . . the defendant's action is labeled as 'malicious' but not necessarily knowing." *Id.* This is hardly an adoption of another alternative method for establishing liability of private individuals for false imprisonment when they report suspected crime to the police.

Even if we were to assume that reckless reporting of criminal activity gives rise to liability for false imprisonment, appellants have provided no evidence in the record that suggests appellee's employees acted recklessly.[4] As we stated in *Vessels*, "[a] plaintiff in a false arrest or false imprisonment suit cannot avoid summary judgment merely by alleging that the complaining witness acted"

---

[4] Appellants listed the following facts in their opposition to appellee's motion for summary judgment: (1) they disagree that they "were not arrested"; (2) they dispute that they were talking on their phones while shopping and that they "kept moving back and forth"; (3) they object to the characterization of the facts that they were suspicious persons and had been suspected of shoplifting previously; (4) they disagree that one of their shopping bags had things inside of it; (5) they dispute the claim that they were standing with their cart near the exit and past all of the checkout counters; and (6) they do not agree that Ms. Musee gave a description of the "suspicious individuals" when the police arrived. Appellants refer to these same disputed issues in their brief. Assuming *arguendo* that all of these facts are indeed disputed, they do not support a finding of recklessness, particularly not an extreme form of recklessness on the part of appellee's employees that would establish malice in this context. *See, e.g.*, *Rivera v. Double A Transp., Inc.*, 727 A.2d 204, 210 (Conn. 1999) ("Nothing less than a rather extreme brand of recklessness will substitute for the standard requirement of intention in false imprisonment cases." (citation omitted)).

maliciously. *Id.* at 1020. "[T]he possible lack of 'honest belief' of the complainant only becomes a jury issue when this issue is raised 'out of the nature of the evidence.'" *Id.* at 1020-21 (quoting *Smith v. Tucker*, 304 A.2d 303, 307 (D.C. 1973)). Appellants point to no evidence that suggests appellee's employees acted recklessly in contacting the authorities. The trial court made a similar observation, noting that "[a]ll facts indicate that the decision whether to arrest or detain the plaintiffs remained with the police officers on the scene, and plaintiffs have not shown evidence sufficient to raise an issue for the jury as to the employee's 'honest belief' in reporting her suspicions."

## III.

Accordingly, the trial court's order, granting summary judgment in favor of appellee and dismissing appellants' case, is affirmed.

*So ordered.*